(No. 53040.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant,
v. RICKY L. ADKISSON, Appellee.

*Opinion filed October 17, 1980.*

William J. Scott, Attorney General, of Springfield, and Carl E. Hawkinson, State's Attorney, of Galesburg (Donald B. Mackay and Melbourne A. Noel, Jr., Assistant Attorneys General, of Chicago, and John X. Breslin and

Gary F. Gnidovec, of the State's Attorneys Appellate Service Commission, of Ottawa, of counsel), for the People.

Robert Agostinelli, Deputy Defender, and Thomas Lilien, Assistant Defender, of the Office of the State Appellate Defender, of Ottawa, for appellee.

MR. JUSTICE UNDERWOOD delivered the opinion of the court:

Ricky L. Adkisson pleaded guilty in the circuit court of Knox County to two counts of attempted murder, and the State dismissed a third count charging rape. He was sentenced to concurrent prison terms of not less than 40 nor more than 50 years. Defendant's subsequent motion to vacate his guilty pleas was denied following a hearing. The appellate court concluded that defendant had been improperly admonished as to the mental state required to sustain a conviction for attempted murder, and reversed the judgments, vacated defendant's guilty pleas and remanded the cause for defendant to plead anew. (78 Ill. App. 3d 923.) We granted leave to appeal. This case again presents the problem involving the specific intent necessary to constitute attempted murder as discussed in our *Muir-Trinkle-Harris-Roberts* decisions (*People v. Muir* (1977), 67 Ill. 2d 86; *People v. Trinkle* (1977), 68 Ill. 2d 198; *People v. Harris* (1978), 72 Ill. 2d 16; *People v. Roberts* (1979), 75 Ill. 2d 1).

Here, the second count of the information charged defendant with "the offense of Attempt (Murder) in that said defendant, with the intent to commit the offense of Murder, in violation of Illinois Revised Statutes, Chapter 38, Section 9—1(a)(1), performed a substantial step toward the commission of that offense, in that he, without lawful justification and with intent to do great bodily harm to Rebecca Ann Adkisson, stabbed Rebecca Ann Adkisson with a knife ***" (Ill. Rev. Stat. 1977, ch. 38,

par. 8—4(a)). The third count, in identical language, charged defendant with the same crime but with Robin Ann Adkisson listed as the victim. The attempted murder counts were later amended by changing the words "with intent to do great bodily harm" to "with intent to kill or do great bodily harm."

At the arraignment on June 1, 1977, defendant pleaded not guilty to all three counts, but, on September 12, counsel moved to withdraw those pleas as to the second and third counts and to plead guilty. In compliance with our Rule 402 (73 Ill. 2d R. 402) the trial judge admonished defendant, reading to him the contents of both counts and advising him that attempted murder was a Class 1 felony with a minimum sentence of four years and an indeterminate maximum term, plus a mandatory five-year parole period. The defendant said that he understood and reiterated his desire to plead guilty to both counts. After the trial court advised him that entry of guilty pleas would waive his rights to a jury trial, to call witnesses, to cross-examine the State's witnesses, and to require the State to prove him guilty beyond a reasonable doubt, the defendant indicated his understanding that he was giving up those rights. After being told by defendant that neither he nor his family had been subjected to physical force, threats or promises of any kind and that he understood that the judge would determine the sentence, which could differ from that which counsel recommended, the trial court accepted the guilty pleas to both counts.

In response to the court's inquiry regarding the factual basis of the charges, the State's Attorney stated that the evidence would show that defendant was at a house on Bandy Avenue in Galesburg at approximately 11 p.m. on May 17. While at that location, defendant stabbed his stepmother, Rebecca Adkisson, 9 or 10 times with a knife, with the intent to kill and to do great bodily harm to her. Robin Adkisson was attracted by her mother's screams

and was told by her to go to the telephone. She was caught, however, by the defendant, who also stabbed her three times with, as further indicated by the State's Attorney, the intent to kill or to do great bodily harm to her. In response to an inquiry by the trial court, defendant agreed that these facts were substantially correct. The State's Attorney also submitted to the court a psychiatric report, ordered earlier by the court upon defendant's motion, which indicated that defendant was legally competent, was capable of knowing right from wrong at the time of the alleged offense, and was able to cooperate with counsel in his own defense.

At the October 3 sentencing hearing the trial judge gave defendant a choice between having his sentence determined after court consideration of the presentence investigation report or after a hearing in mitigation and aggravation. The defendant and his counsel expressly waived his right to a hearing, and defendant acknowledged the accuracy of the presentence report, with the exceptions of a statement that he had been sleeping in cars as an adolescent and of data indicating that he was 19 rather than the actual 18 years of age. After receiving statements on sentence recommendations from the State's Attorney, defense counsel and defendant, sentence was imposed as earlier noted.

On October 25, defense counsel filed a motion to withdraw his guilty pleas and vacate the judgments on the sole ground that the sentence imposed was unduly harsh. An amendment was filed on December 5, which included as additional grounds that defendant was intoxicated at the time of the alleged offense due to use of alcoholic beverages, hashish and barbiturates; that no psychiatric hearing had been held to determine defendant's fitness to stand trial; and that at the time of an alleged confession or statement to police authorities, defendant was under the influence of medication administered to him by

hospital officials for treatment of a laceration apparently resulting from the alleged offense.

At the hearing on the motion to vacate, defendant testified that on the eve of the May 17 stabbings he ingested a one-gram bowl of hashish and a "hit" of "four-way windowpane" acid. On May 17, defendant stated he had taken a second hit of the acid and drank a six-pack of beer, causing him to feel "just high." He also testified that the drugs caused him to hallucinate and to see different colors but did not affect his ability to recognize his surroundings. Defendant further stated that the drugs caused no other physical distortions and that he was partially able to reason. Before providing the police with a statement early in the morning on May 18, defendant received a shot for a cut on his finger and pain-killer pills, as a result of which the defendant "didn't feel nothing but high." Defendant's testimony was controverted by Terry Boynton, the Galesburg police officer who took defendant's statement. Boynton testified that defendant, based upon prior occasions when Boynton interviewed him, appeared to understand the *Miranda* warnings given him (*Miranda v. Arizona* (1966), 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602), did not seem to be under the influence of intoxicants, and responded in detail and coherently to questions. The trial judge denied the motion to vacate.

The appellate court found that, considering the case law in effect at the time he tendered his guilty pleas, defendant had been properly admonished under our Rule 402 (73 Ill. 2d R. 402) with respect to the mental state required for attempted murder. Because *People v. Trinkle* (1977), 68 Ill. 2d 198, was decided subsequent to the entry of those pleas but prior to the hearing on defendant's later motion to vacate, however, the appellate court concluded that the motion should have been allowed. While recognizing that our Rule 604(d) (73 Ill. 2d R.

604(d)) deems as waived any ground not raised in a motion to vacate, that court held the asserted ground amounted to plain error under Rule 615(a) (73 Ill. 2d R. 615(a)). Defendant's argument that he had been denied effective assistance of counsel was summarily denied. The appellate court concluded by noting that, while not prejudiced, defendant was improperly advised as to the penalty for attempted murder and the choice between a hearing in aggravation and mitigation or having the trial judge read the presentence report.

In this appeal, the State argues that the asserted error in the trial court's admonitions was waived under Rule 604(d) and that the plain error exception in Rule 615(a) is inapplicable. It is further urged that even if such an exception does apply, any error in the admonitions did not constitute plain error and was harmless error beyond a reasonable doubt.

Many of our cases have emphasized that any error not raised in a post-trial motion is waived on appeal. (*People v. Tannenbaum* (1980), 82 Ill. 2d 177; *People v. Foster* (1979), 76 Ill. 2d 365; *People v. Coles* (1979), 74 Ill. 2d 393; *People v. Edwards* (1978), 74 Ill. 2d 1, *cert. denied* (1979), 422 U.S. 931, 61 L. Ed. 2d 299, 99 S. Ct. 2862; *People v. Precup* (1978), 73 Ill. 2d 7.) The waiver rule set forth in Rule 604(d) could scarcely have been made more definite. It provides: "Upon appeal any issue not raised by the defendant in the motion to withdraw the plea of guilty and vacate the judgment shall be deemed waived." (73 Ill. 2d R. 604(d).) The salutary purpose of a firm waiver rule, as reiterated in the opinions of this court and of our appellate courts (*People v. Roberts* (1979), 75 Ill. 2d 1, 11, citing *Finfrock v. Eaton Asphalt Co.* (1976), 41 Ill. App. 3d 1020, *Dean v. Keith's & Ralph's Tavern, Inc.* (1975), 25 Ill. App. 3d 970, and *Boone v. Baker* (1972), 9 Ill. App. 3d 509), is to encourage timely objections to trial court errors in order to permit

correction in the trial court, rather than to reward a non-objecting party with a reversal resulting from his own failure to act.

Defendant has argued, however, that the plain error exception in Rule 615(a) (73 Ill. 2d R. 615(a)) should be deemed applicable to the waiver rule governing guilty pleas. Even if we were to recognize, as did the appellate court, the applicability of Rule 615(a) to Rule 604(d), we do not believe the circumstances here can be so categorized. The admonition given defendant and the amended information were erroneous in that they did not restrict the mental state required for attempted murder to "an intent to kill," as held in *People v. Trinkle* (1977), 68 Ill. 2d 198, and later reinforced in *People v. Harris* (1978), 72 Ill. 2d 16. That alone, however, does not require reversal.

We believe this case is controlled by our opinion in *People v. Roberts* (1979), 75 Ill. 2d 1, 14, and the cases there cited. In *Roberts* jury instructions containing a similar defect were recognized as erroneous but were held not to be so substantial or egregious as to qualify as exceptions to our waiver rule providing that failure to object at trial to instructional errors waives the question. (See *People v. Tannenbaum* (1980), 82 Ill. 2d 177; *People v. Coles* (1979), 74 Ill. 2d 393; *People v. Precup* (1978), 73 Ill. 2d 7.) It would seem axiomatic that error which can be held waived in a jury trial where guilt is denied must be held waived where defendant has entered a guilty plea. *People v. Jones* (1980), 81 Ill. 2d 1, 7, also involved a jury trial, an objected-to instruction, and a significant issue to which the court wished to speak. It is not apposite here.

Our decision to hold this issue waived does not, as defendant argues, contravene *Henderson v. Morgan* (1976), 426 U.S. 637, 49 L. Ed. 2d 108, 96 S. Ct. 2253, since the circumstances there involved are clearly distinguishable from those before us. The defendant in *Henderson* had

been indicted on a charge of first-degree murder but pleaded guilty to second-degree murder. In the trial judge's admonitions, however, "[t]here was no discussion of the elements of the offense of second-degree murder, no indication that the nature of the offense had ever been discussed with [defendant], and no reference of any kind to the requirement of intent to cause the death of the victim." (426 U.S. 637, 642-43; 49 L. Ed. 2d 108, 113, 96 S. Ct. 2253, 2256.) The United States Supreme Court accordingly held that the plea was involuntary and that the judgment of conviction entered thereon violated due process. Here, however, defendant was charged by information with and admonished by the trial judge as to the same offense of attempted murder.

We find no error in the appellate court's determination that defendant had not been denied the effective assistance of counsel. While failure of defense counsel to assign the trial court's admonitions as error in the motion to vacate may have been poor judgment, it does not amount to the incompetence required by our decisions (see *People v. Hills* (1980), 78 Ill. 2d 500; *People v. Murphy* (1978), 72 Ill. 2d 421).

The judgment of the appellate court is accordingly reversed and the cause is remanded to that court for consideration of additional issues defendant maintains were raised but not considered by the appellate court in its disposition of this cause. *People v. Roberts* (1979), 75 Ill. 2d 1.

*Reversed and remanded,*
*with directions.*