THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN R. WALDORF, Defendant-Appellant.

First District (4th Division) No. 79-281

Opinion filed March 26, 1981.

Frank, Melamed & Bolon, Ltd., of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Richard Burke, and Christopher Cronson, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE ROMITI delivered the opinion of the court:

Defendant John Waldorf pled guilty to three counts of aggravated battery and was sentenced to five years' probation. Subsequently defendant filed a petition to vacate the guilty plea. Following a hearing the trial court denied the petition. On appeal defendant contends: (1) the trial court failed to substantially comply with the requirements of Supreme Court Rule 402 (Ill. Rev. Stat. 1975, ch. 110A, par. 402); (2) defendant was coerced into pleading guilty by his original trial attorney; (3) the trial court applied the wrong standard in determining whether defendant's plea should be vacated.

We reverse and remand.

The plea at issue was entered on July 12, 1976. Defendant was then represented by attorney James Brandvik. Brandvik informed the court on that day that he and the State's Attorney had had a conference, had reached an agreement, and wished to confer with the court. The court addressed the defendant, informing him that at such a conference all the facts concerning the charges against him would be disclosed to the court along with the defendant's previous criminal record, if any, and additional background information concerning him. The court also told the defendant that the "results" of the conference would be conveyed to him and that if he was dissatisfied with those results then the case would be tried before a jury with the same judge presiding. Defendant stated that he understood all this and requested such a conference.

The case was passed, and subsequently defense counsel informed the court that he had discussed the matter with the defendant and that defendant wished to withdraw his plea of not guilty and enter a plea of guilty to the indictment. The court ascertained from the defendant that this was correct and then informed him of the possible penalties for aggravated battery, which defendant said he understood. The court told defendant he was entitled to a trial by jury and defendant indicated that

he had voluntarily signed a jury waiver. The court also ascertained that defendant was aware of his right to a presentence investigation report but had also signed a waiver of that right. Defendant acknowledged that he understood he was pleading guilty to three counts of aggravated battery, which the court read to him. The following colloquy then ensued:

"The Court: Let the record show the defendant understands the charge against him, that he persists in pleading guilty. Are you pleading guilty because in fact you are guilty or because someone threatened you, intimidated you, molested you, or promised you anything other than what was agreed upon during the conference between the Court, your attorney and the State's Attorney? Anyone promised you more than that?

The Defendant: No, your Honor.

The Court: Let the record show the defendant understands the consequences of the plea. The Court will accept the plea of guilty and listen to the stipulated facts."

It was stipulated that defendant was 52 years of age and that on November 18, 1974, he had cut off Mrs. Candis Eberhart in traffic and then followed her to Evanston. There he confronted her husband and fired a "device capable of firing a blank cartridge" at him. The carbon residue from that cartridge entered Mr. Eberhart's eye causing him bodily harm. The court found defendant guilty based on this stipulation and entered judgment on the finding. In aggravation the State relied on the facts in the stipulation, noted that defendant had no criminal record, and recommended a sentence of five years' probation. Defense counsel confirmed defendant's lack of a criminal record and informed the court that an agreement for restitution had been reached with the Eberharts. The court accepted the recommendation of the State and sentenced defendant to five years' felony probation.

Defendant was informed by the court that he had a right within 30 days to change his plea from guilty to not guilty. He was told he would have to do this by sworn petition, to be followed by a hearing. If the court sustained the petition the cause would be reinstated.

On August 6, 1976, defendant, represented by new counsel Charles Schwartz, filed a petition to vacate the plea, alleging that he had been coerced by his trial counsel into pleading guilty. An additional allegation that defendant was not admonished pursuant to "appropriate Supreme Court rule" concerning the nature of the plea bargaining was struck by defendant's counsel prior to the hearing. Counsel also stated to the court that the petition did not "allege any technical violations of Supreme Court Rule 402."

At the hearing defendant testified that his prior counsel had told him they would go to trial on July 12, 1976, and he had expected to do so. He

testified further that this attorney had not prepared him as a witness and had done no investigation that he knew of, although he admitted the attorney had filed for discovery, had met with him to ascertain his version of the incident, had represented him at the preliminary hearing and questioned witnesses there, and had appeared with him in court over 20 times. According to defendant on July 12 his counsel told him he (counsel) was going to meet with the prosecuting attorney and after that conference told him he would meet with the judge and the prosecuting attorney. Following this second conference the attorney told defendant it was his judgment that defendant should plead guilty and that he would see about probation. According to defendant the attorney told him he had no other choice, that if he went to trial the judge had indicated he would probably receive a sentence of one to three years in prison. Defendant testified that he was upset and could not believe what he heard. He felt "betrayed." He objected at first but finally acquiesced, having discussed the matter with his wife and having given it "a lot of thought."

Defendant contended at the hearing that he was never told by his former attorney that he had a right to go to trial and to bring in witnesses. He admitted making all the statements of understanding recorded in the transcript of the hearing but claimed he made those statements on the advice of counsel and had been afraid to say no to any of the questions. Defendant recalled that at one point during the plea proceedings he began to say something but his counsel signalled him not to do so.

Defendant's wife also testified that on July 12 attorney Brandvik told them following his conferences with the State and the court that the court had informed him if defendant were found guilty he would receive a sentence of three years' imprisonment. Defendant became very upset, stating that he wanted a chance to go to trial and tell his story to prove his innocence. Brandvik told defendant he could get him five years' probation but if he went to trial he would be sure to go to jail. Brandvik told them he did not think they could win the case because the State had another witness so that it would not simply be their word against that of the Eberharts. He told defendant's wife the decision should be a family one and asked her if she wished her husband to go to jail. She advised defendant to plead guilty because she did not want to take the chance he would be jailed.

James Brandvik testified that he had prepared for the case by discussing it with defendant, examining witnesses at the preliminary hearing, reviewing the transcript of that proceeding, interviewing Evanston police officers, and examining police reports. He had discussed the case with defendant at his (Brandvik's) home, at the numerous court appearances, and 12 to 15 times on the telephone. He denied ever coercing or attempting to coerce defendant to plead guilty.

Brandvik testified that on July 12 he had interviewed a State eye-witness and determined that her testimony would be damaging to defendant's case. He had not previously interviewed this witness, although she had been listed by the State in their answer to discovery, because defendant had told him there were no other eyewitnesses to the incident. Brandvik then had the witness recite her proposed testimony to the defendant and his wife. He sought the conferences with the State and the court to ascertain whether defendant would receive any penitentiary time upon a guilty plea. At the second conference the court indicated that even on a plea of guilty it believed defendant should receive six months' work release, but then agreed to the State's recommendation of probation. Accordingly Brandvik informed defendant that his judgment was that if the case went to trial and he was convicted he would receive at least six months' work release and might get more jail time than that. He also told defendant that as the result of the plea negotiations if defendant pled guilty he would receive probation. Brandvik denied telling defendant's wife that she should convince defendant to plead guilty or else he would go to jail.

At the conclusion of the hearing the trial court denied defendant's petition, finding that there had been "proper admonitions," that defendant had been represented by able counsel, and that there was no reason to vacate the plea of guilty.

■■ We first consider defendant's contention that the trial court failed to substantially comply with the admonition requirements of Supreme Court Rule 402. (Ill. Rev. Stat. 1975, ch. 110A, par. 402.) The State argues that this contention was waived by the failure of defendant's counsel to raise it with the trial court. They cite that portion of Supreme Court Rule 604(d) which provides:

> "Upon appeal any issue not raised by the defendant in the motion to withdraw the plea of guilty and vacate the judgment shall be deemed waived." (Ill. Rev. Stat. 1975, ch. 110A, par. 604(d).)

However, we note that the trial court failed to advise defendant of this rule of waiver, as required by Supreme Court Rule 605(b)(6). (Ill. Rev. Stat. 1975, ch. 110A, par. 605(b)(6).) Furthermore defendant's attorney on the petition to vacate the guilty plea failed to comply with the requirement of Supreme Court Rule 604(d) that:

> "The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain his contentions of error in the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings."

Supreme Court Rule 615(a) provides that plain errors or defects affecting substantial rights may be considered on review even though not brought to the attention of the trial court. (Ill. Rev. Stat. 1979, ch. 110A, par. 615(a).) Although this issue was not presented to the trial court it is noteworthy that the court did affirmatively rule on it, finding that the admonishments were proper. Given the substantial right at issue, the right to a full trial on the merits, and given the failure to comply with requirements intended to insure that all of a defendant's objections to a plea proceeding would be considered, we deem this an appropriate case for application of the plain error rule.

Examination of the transcript of the hearing at which defendant's guilty plea was accepted establishes that the defendant was not advised, as required by Supreme Court Rule 402, of the following:

(1) that he had the right to persist in his plea of not guilty;

(2) that if he pled guilty there would be no trial of any kind;

(3) that by pleading guilty he would waive the right to be confronted by the witnesses against him.

The court also failed to state in open court the plea agreement and failed to confirm the terms of this agreement with the defendant. Nor did the court state on the record that it had concurred or had conditionally concurred with the proposed disposition.

In *People v. Ridley* (1972), 5 Ill. App. 3d 680, 284 N.E.2d 37, the court found that the failure of the trial court to state the terms of a plea agreement in open court and to confirm those terms with the defendant was reversible error. The court noted that the Committee Comments to Rule 402 (Ill. Ann. Stat., ch. 110A, par. 402, Committee Comments, at 530 (Smith-Hurd 1976)), stress the importance of giving visibility to the plea agreement by stating that agreement so as to prevent the defendant from feeling that he must state falsely that no promises were made and also to protect the plea from collateral attack. The *Ridley* court held that:

"Compliance with [these requirements] is essential in order to accomplish that purpose even where, as here, defendant makes no assertion that the sentence he received was greater than that agreed upon. Otherwise the multiplicity of collateral attacks upon original criminal proceedings, now inundating all courts, would continue." (*Ridley*, 5 Ill. App. 3d 680, 682, 284 N.E.2d 37, 38.)

In *People v. Dudley* (1974), 58 Ill. 2d 57, 316 N.E.2d 773, our Supreme Court, citing *Ridley*, also held that omission of these elements of Rule 402 constituted error. The court pointed out that:

"* * * the requirement prevents misunderstandings as to the terms of an agreement. It is an efficient means of reducing what is typically an oral understanding to a matter of record. It also insures that the agreement will be visible for examination. This tends to

insure that such plea agreements as may be entered into will be equitable and fair, considering both the interest of the defendant and the public interest in effective law enforcement. Announcing the agreement in open court will deter or at least expose any prospective timidity, overreaching or other impropriety, as well as deter future unfounded claims by a defendant that an agreement entered into was not honored." *Dudley*, 58 Ill. 2d 57, 60, 316 N.E.2d 773, 774.

■■ In *Dudley* as in this cause the State contended that despite the omissions there had been substantial compliance with Rule 402. The *Dudley* court held that given the complete omission of the required statement of the plea agreement and confirmation of that agreement the contention of substantial compliance could not be supported. Despite this finding the court found no reversible error, noting that defendant had made no claims of involuntariness, had claimed no harm or prejudice, and did not dispute that the sentence imposed was that agreed upon. But in this cause, in addition to the two omissions which in themselves have been held in *Dudley* to vitiate any claim of substantial compliance with Rule 402, we have also noted that the trial court failed to give a number of other admonitions required by the rule. These admonitions related to defendant's waiver of the right to a trial of any kind, waiver of his right to persist in a plea of not guilty, and waiver of his right to confrontation of witnesses. Given the substantial nature of these omissions, and given the fact that in this cause the defendant does contend that his plea was coerced, frustrating his desire to go to trial and prove his innocence, we find that under the holding of *Ridley* and *Dudley* defendant's conviction should be reversed and he should be permitted to withdraw his guilty plea.

Because of our determination of this issue we need not consider defendant's remaining contentions.

Defendant's conviction is reversed and the cause remanded for entry of an order vacating his guilty plea and for further proceedings in conformity with this opinion.

Reversed and remanded.

JOHNSON and JIGANTI, JJ., concur.