THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. PHILIP BOSWORTH, Defendant-Appellant.

Second District   No. 2—86—0521

Opinion filed September 22, 1987.

G. Joseph Weller and Mary K. Schick, both of State Appellate Defender's Office, of Elgin, for appellant.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers and Martin P. Moltz, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE REINHARD delivered the opinion of the court:

Defendant, Philip Bosworth, entered a negotiated plea of guilty to murder (Ill. Rev. Stat. 1985, ch. 38, par. 9—1(a)(2)) and, pursuant to the plea agreement, was sentenced to a 40-year term of imprisonment.

He appeals from the trial court's denial of his motion to withdraw his guilty plea to murder.

Defendant raises the following issue on appeal: whether the trial court properly accepted his guilty plea where the factual stipulation supporting that plea indicated the existence of a possible defense to murder consisting of the lesser offense of involuntary manslaughter.

Defendant was originally charged with three counts of murder (Ill. Rev. Stat. 1985, ch. 38, pars. 9—1(a)(1), (a)(2), (a)(3)) and one count of aggravated battery (Ill. Rev. Stat. 1985, ch. 38, par. 12—4(a)). On March 17, 1986, defendant pleaded guilty to murder as set forth in count III of the indictment, which stated that "he struck Justine Bosworth on the head with his fist, knowing that such act created a strong probability of death or great bodily harm to Justine Bosworth, thereby causing the death of Justine Bosworth." Pursuant to a plea agreement with the State, whereby the remaining charges were dropped, the trial court sentenced defendant to a 40-year term of imprisonment.

The factual stipulation on which the court based its acceptance of defendant's guilty plea established that the victim, defendant's seven-week-old daughter, was found dead in her crib on November 20, 1985. An autopsy revealed that the baby had died as a result of trauma to her skull. The stipulation also revealed that, in an interview with the police, defendant stated that he was angry when he went into the baby's room at 2:30 a.m. As he entered her room, he tripped on some clothes and fell into the baby's crib, causing her to cry even louder. He then told the police that this caused his anger to come out; and, with a backhanded motion and a closed fist, he hit the baby on top of her head and she quieted down. He stated that, in his mind, when he hit the baby he was hitting his wife. Following the interview, defendant made a written statement which contained these facts.

Upon hearing the stipulation, the trial judge asked defendant if his attorney had advised him of and whether he understood "the other lesser type of penalties *** a jury could reasonably find based on the facts." Following a five-minute recess, the defendant's attorney clarified that he had previously informed the defendant of other possible penalties and, during the recess, more fully explained the related sentencing. The court then accepted the defendant's guilty plea.

In an amended motion to withdraw his plea of guilty and vacate the sentence pursuant to Supreme Court Rule 604(d) (103 Ill. 2d R. 604(d)), defendant asserted generally that he was not advised pursuant to Rule 402, that he did not knowingly, intelligently, or voluntarily waive his right to a jury trial or understand the admonishments of Rule 402, that the sentence was improper, and that the plea was not voluntary because the police threatened his wife. The last allegation was subsequently withdrawn and, following arguments of counsel, the motion was denied.

Before proceeding to the merits of defendant's appellate contention relating to the factual basis for the plea, we must first consider the State's argument that the specific issue raised on appeal was not raised in the motion to withdraw the plea of guilty and is waived. We agree with the State that the record demonstrates that the motion to withdraw does not raise the issue concerning the factual basis for the plea of guilty now raised on appeal. Supreme Court Rule 604(d) provides, in pertinent part, that "[u]pon appeal any issue not raised by the defendant in the motion to withdraw the plea of guilty and vacate the judgment shall be deemed waived." 103 Ill. 2d R. 604(d).

■ Nevertheless, Supreme Court Rule 615(a) provides an exception to the rule of waiver where there has been plain error. The rule provides, in part, that "[p]lain errors or defects affecting substantial

rights may be noticed although they were not brought to the attention of the trial court." (107 Ill. 2d R. 615(a); see *People v. Lucas* (1981), 88 Ill. 2d 245, 250, 430 N.E.2d 1091.) The doctrine of plain error may be invoked in criminal cases where the evidence is closely balanced or where the error is of such magnitude that the accused is denied a fair trial. *People v. Friesland* (1985), 109 Ill. 2d 369, 375, 488 N.E.2d 261.

■ While the filing of a motion to withdraw a plea of guilty and vacate the judgment thereon is a prerequisite to the right of appeal (*People v. Frey* (1977), 67 Ill. 2d 77, 85-86, 364 N.E.2d 46; *People v. Potts* (1985), 136 Ill. App. 3d 1059, 1063-64, 484 N.E.2d 306), it has been held, however, that the plain error rule is applicable when there is a failure to raise an issue in a motion to withdraw a plea of guilty pursuant to Rule 604(d) (*People v. Adkisson* (1979), 78 Ill. App. 3d 923, 927, 397 N.E.2d 922, *rev'd on other grounds* (1980), 83 Ill. 2d 1, 413 N.E.2d 1238; see *People v. Waldorf* (1981), 94 Ill. App. 3d 976, 980-81, 419 N.E.2d 428). Assuming, without deciding, therefore, that the plain error rule may be applied to review the claimed error in the guilty plea proceeding here (*cf. People v. Adkisson* (1980), 83 Ill. 2d 1, 8, 413 N.E.2d 1238), we shall examine defendant's contention to determine from the record of the plea of guilty hearing whether an error affecting substantial rights was committed.

Defendant contends that his plea of guilty should not have been accepted by the trial court because the facts given to support the guilty plea establish that his acts were committed with a mental state which would establish involuntary manslaughter and not murder. Defendant characterizes the trial judge's comment at the plea proceeding concerning whether his trial counsel had advised him of any lesser offenses with other penalties which a jury could find in a trial as "a doubt" whether the facts of the case constitute murder.

The pertinent part of the record of the plea proceeding which concerns the factual basis for the plea and the court's comments are as follows:

"MR. SUTTER [the prosecutor]:

\* \* \*

\*\*\* The autopsy began at approximately 4:00 o'clock in the afternoon. During the course of the autopsy, Dr. Barrett discovered that the infant's skull was fractured. He discovered two distinct areas of trauma to the head of the baby and concluded that the baby had died as a result of trauma to the skull, which resulted in the skull fracture and brain damage. \*\*\*

\*\*\*

At that time, while at the police station, Detective Cuny in-

terviewed the Defendant, Phillip Bosworth. And during those conversations, the Defendant told Detective Cuny that he was angry when he came into the baby's room at approximately 2:30 in the morning on the 10th of November, 1985. And when he went into the room, he tripped over some clothes that had been on the floor, which caused him to fall against the baby's crib, shaking it, which, in turn, caused the baby to cry even louder.

He further told Detective Cuny that that caused his anger to come out. And with a back-handed motion and closed fist, he struck the baby on the top of her head. And she then quieted down, and he went back to bed. He also told Detective Cuny that when he hit the infant, that he was, in his mind, hitting his wife.

Also, the evidence would show that the Defendant made a written statement to the police at that time which contained essentially those same facts. All these events took place in Du Page County, Illinois.

MR. WOJCIK: Judge, we would stipulate to those facts.

THE COURT: Do you understand the penalties associated with the charge?

DEFENDANT BOSWORTH: I've only been told what I'm supposedly going to get today.

THE COURT: Do you understand the other penalties that are possible with respect to the charge in general? I'm not saying those particular penalties would all apply to the facts of your case. But you've discussed it with your attorney, Mr. Wojcik, the penalties?

MR. WOJCIK: As to the potential sentences?

DEFENDANT BOSWORTH: Oh, yes.

THE COURT: You understand the potential penalties you're confronted with by virtue of the charges against you?

DEFENDANT BOSWORTH: Yes.

THE COURT: Also—you also discussed a lesser penalty with your client, Mr. Wojcik?

MR. WOJCIK: Judge, if—

THE COURT: Voluntary manslaughter?

MR. WOJCIK: Maybe we can have a short recess, I could. I spent most of my time discussing the murder case with him. If we could just pass it, we'll discuss the voluntary manslaughter.

THE COURT: I think, based on the facts, the Defendant should be advised of the other lesser type of penalties associ-

ated with the facts that are—a jury could reasonably find based on the facts. So, how much time do you need?

MR. WOJCIK: If we could pass it, five minutes or so.

THE COURT: Okay.

MR. WOJCIK: Thank you, Judge.

(Whereupon, a recess was had, after which the following further proceedings were had herein:)

MR. WOJCIK: Judge, if I might just clarify the record, I did discuss the other—in discussions with the Defendant, Mr. Bosworth, I did discuss the other charges. I didn't specifically go into the terms of sentencing on that. That's why I asked the matter be passed.

THE COURT: All right. Did you fully go into the penalties on the lesser offenses?

MR. WOJCIK: Yes, Judge.

THE COURT: That could be imposed with respect to the facts?

MR. WOJCIK: Yes, Judge.

THE COURT: And, Mr. Bosworth, do you understand the entire panorama, all the possible penalties that would be options in your case as based on the facts as stated by the State's Attorney's Office?

DEFENDANT BOSWORTH: Yes.

THE COURT: Do you have any questions that I could answer relative to your rights or consequences of pleading guilty to the charge of murder?

DEFENDANT BOSWORTH: Only the terms of my sentence. Will it be half served and half on parole? Will there be 20 in jail and 20 on the street?"

In *People v. Barker* (1980), 83 Ill. 2d 319, 415 N.E.2d 404, our supreme court set forth the applicable standards for determining the factual basis for a guilty plea as follows:

"Supreme Court Rule 402(c) requires that, before a court enters final judgment on a plea of guilty, there must be a determination that a factual basis exists for the plea. (73 Ill. 2d R. 402(c).) However, the quantum of proof necessary to establish a factual basis for the plea is less than that necessary to sustain a conviction after a full trial. [Citations.] All that is required to appear on the record is a basis from which the judge could reasonably reach the conclusion that the defendant actually com-

mitted the acts with the intent (if any) required to constitute the offense to which the defendant is pleading guilty. (*People v. Hudson* (1972), 7 Ill. App. 3d 800[,288 N.E.2d 533].) In evaluating the sufficiency of the factual basis to support a plea of guilty, a trial judge is in much the same position and would apply similar standards as those used in determining the sufficiency of the State's evidence at trial to withstand a motion for a directed verdict of not guilty." (83 Ill. 2d 319, 327-28, 415 N.E.2d 404.)

The duty of the trial court to determine that there is a factual basis for the guilty plea pursuant to Rule 402(c) does not require the trial court to ferret out possible defenses for the defendant. *People v. Smith* (1983), 113 Ill. App. 3d 917, 924, 446 N.E.2d 876.

■ On this record, we conclude that the provisions of Rule 402(c) have been satisfied. The factual stipulation discloses that defendant knew that his acts created a strong probability of death or great bodily harm to his seven-week-old daughter and that those acts caused her death, justifying a factual basis for murder under section 9–1(a)(2) of the Criminal Code of 1961 (Ill. Rev. Stat. 1985, ch. 38, par. 9–1(a)(2)). (See *People v. Bartall* (1983), 98 Ill. 2d 294, 306-08, 456 N.E.2d 59.) Furthermore, we do not agree that the trial judge's comments reflect a doubt concerning the factual basis for the plea. Rather, the court's questions to defendant following the factual basis for the guilty plea demonstrate the court's responsibility under Rule 402 to ensure that defendant understands the nature of the charge and the penalties prescribed by law for murder. It is further evident that the trial judge mentioned other lesser offenses in the context of whether defendant wished to waive his right to a trial, not that there was an insufficient factual basis for the plea of guilty to murder. Thus, the doctrine of plain error is not invoked in this case.

For the foregoing reasons, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

LINDBERG, P.J., and UNVERZAGT, J., concur.