THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BRUCE LEE McINTYRE, Defendant-Appellant.

Fourth District No. 4—91—0249

Opinion filed November 27, 1991.

Daniel D. Yuhas and Gloria Ann Morris, both of State Appellate Defender's Office, of Springfield, for appellant.

Lawrence R. Fichter, State's Attorney, of Decatur (Kenneth R. Boyle, Robert J. Biderman, and Dale M. Wood, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:

Following a stipulated bench trial conducted in the circuit court of Macon County, defendant Bruce Lee McIntyre was found guilty of violating his bail bond on or about August 2, 1990. (Ill. Rev. Stat. 1989, ch. 38, par. 32—10.) Defendant had been admitted to bail on May 10, 1990, while charged with residential burglary (Macon County Case No. 90—CF—326). He forfeited his bond by failing to appear in court on July 2, 1990, at 9:30 a.m. and he wilfully failed to surrender himself within 30 days thereafter. For the bail bond violation, he was sentenced to a term of imprisonment of three years to be served consecutively to the sentence imposed for residential burglary. Defendant was given credit for 75 days previously served.

In his appeal, defendant raises only one issue. He asks this court to determine whether, since the stipulated bench trial was tantamount to a guilty plea, the trial court failed to properly admonish him pursuant to Illinois Supreme Court Rule 402. (134 Ill. 2d R. 402.) Specifically, he contends the trial court did not tell him that he had a right to plead not guilty, or to persist in that plea, and further failed to determine if his decision to participate in a stipulated trial was voluntary. The State agrees the stipulated bench trial was tantamount to a guilty plea since only the issue of double jeopardy was preserved. (*People v. Smith* (1974), 59 Ill. 2d 236, 239, 319 N.E.2d 760, 762; see

also *People v. Horton* (1991), 143 Ill. 2d 11, 22, 570 N.E.2d 320, 325.) However, the State contends the trial court substantially complied with Rule 402. Even though the parties concede a stipulated bench trial is tantamount to a guilty plea, it is not argued, nor do we find, that a motion equivalent to a motion to withdraw a guilty plea must first be presented to and considered in the trial court before this court has jurisdiction to address the issues arising from the stipulated bench trial. *People v. Wilk* (1988), 124 Ill. 2d 93, 529 N.E.2d 218; see 134 Ill. 2d R. 604(d).

It is not argued by defendant that the admonishments that were given are improper or misleading (see *People v. Davis* (1991), 145 Ill. 2d 240), but only that they are not sufficiently in compliance with Rule 402. Nor does defendant contend the stipulated facts are insufficient to support a finding of guilt beyond a reasonable doubt. Even more significantly, defendant does not contend the stipulation resulted from force, threats, or undisclosed promises.

Substantial, not literal, compliance with Rule 402 is all that is necessary. (*People v. Krantz* (1974), 58 Ill. 2d 187, 192, 317 N.E.2d 559, 562.) After defense counsel told the judge defendant was waiving a jury trial, the judge asked defendant if he heard that statement and whether he was willing to give up his right to a trial by jury. Defendant said yes. He was further asked:

"THE COURT: And do you understand what that means?

MR. McINTYRE: Yes, sir I do.

THE COURT: Do you have any questions?

MR. McINTYRE: No.

THE COURT: And are you willing to give up the right to a trial by the jury of your own free will?

MR. McINTYRE: Yes, sir."

After so responding, defendant signed a written waiver of trial by jury in open court.

Thereafter, the judge explained the pending charge, and defendant stated he understood the allegation. The trial court also explained the possible fines, periods of incarceration, mandatory parole, the mandatory consecutive sentence, and the possibility of an extended term. Defendant said he understood. Defendant also said he understood the court's admonishments about giving up the right to confront and cross-examine witnesses who might testify against him and the right to subpoena witnesses to testify on his behalf. When asked if he had any questions, the following discussion was had:

"MR. McINTYRE: Essentially what I am pleading is no contest, is that—

[DEFENSE ATTORNEY]:—Well, there isn't a no contest plea, but we are not contesting the facts; do you understand that[?]

MR. McINTYRE: Yes.

THE COURT: Is that what you want to do?

MR. McINTYRE: Yes.

THE COURT: Do you have any questions?

MR. McINTYRE: No, Your Honor.

THE COURT: We will proceed then with the Bench Trial, and what are the facts in the case?"

After considering the stipulated facts and denying defendant's motion to dismiss based on an argument of double jeopardy, the trial court found defendant guilty of the bail bond violation.

■ Defendant complains the trial court failed to admonish him "that the defendant has the right to plead not guilty, or to persist in that plea if it has already been made, or to plead guilty." (134 Ill. 2d R. 402(a)(3).) Defendant's argument misses the subtle difference between a stipulated bench trial and a guilty plea. While a stipulated bench trial is, in many respects, similar to a guilty plea, in one very important respect they differ. Defendant did not plead guilty in this case, but instead persisted in his plea of not guilty and required the trial court to render a finding of guilty or not guilty on the facts which were not disputed. In fact, defense counsel specifically corrected the trial court, indicating defendant was not technically giving up his right to trial. Furthermore, after the assistant State's Attorney related the facts to the trial court, defendant's counsel stated, "We agree and stipulate that that evidence would be presented, Your Honor, and we don't intend to present any evidence, Your Honor." Defendant did not stipulate or concede that the facts related by the assistant State's Attorney would be sufficient to warrant a finding of guilt beyond a reasonable doubt. In *Horton*, the stipulated bench trial was considered tantamount to a guilty plea where defendant stipulated to the "sufficiency" of the evidence. Since no such concession was made by defendant in this case, we do not agree with defendant and the State that the stipulated bench trial was tantamount to a guilty plea. Therefore, even though the trial judge did not advise defendant he had a right to plead guilty or persist in his plea of not guilty, such an admonition is unnecessary in this case. (*Horton*, 143 Ill. 2d at 22, 570 N.E.2d at 325.) The case of *People v. Sutherland* (1984), 128 Ill. App. 3d 415, 470 N.E.2d 1210, cited by defendant, is distinguishable because it involved a guilty plea rather than a stipulated bench trial.

■ Nor does the failure of the trial court to strictly comply with Rule 402(b), requiring the trial court to question defendant concerning any force, threats or undisclosed promises, necessitate that we reverse. Where a review of the record indicates defendant's acquiescence in the stipulated bench trial was voluntary, the failure to inquire of force, threats and undisclosed promises may be deemed harmless. (See *People v. Ellis* (1974), 59 Ill. 2d 255, 256-57, 320 N.E.2d 15, 16.) Defendant said he was giving up the right to a jury trial of his own free will and that he wanted to proceed without contesting the facts. Under these circumstances, we conclude the defendant's stipulation to the facts did not result from force, threats, or undisclosed promises. We find *People v. Waldorf* (1981), 94 Ill. App. 3d 976, 419 N.E.2d 428, cited by defendant distinguishable. There, the defendant filed a motion to vacate his guilty plea on the ground it was coerced. No such allegation is before this court.

Accordingly, the judgment of the circuit court of Macon County is affirmed.

Affirmed.

LUND, P.J., and STEIGMANN, J., concur.