THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KELVIN A. MANUEL, Defendant-Appellant.
Fourth District   No. 4—92—0478

Opinion filed March 4, 1993.

Daniel D. Yuhas and Lawrence Bapst, both of State Appellate Defender's Office, of Springfield, for appellant.

Lawrence R. Fichter, State's Attorney, of Decatur (Norbert J. Goetten and Robert J. Biderman, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE STEIGMANN delivered the opinion of the court:

In November 1991, the State charged defendant, Kelvin A. Manuel, with two counts of aggravated criminal sexual assault (Ill. Rev. Stat. 1991, ch. 38, par. 12—14(b)(1)). Count I alleged that defendant committed sexual penetration by placing his finger in the vagina of the victim, and count II alleged that he committed sexual penetration by placing his penis in the vagina of the victim.

In March 1992, defendant waived a jury trial and stipulated to the evidence that the State would present at trial regarding count II. Before the trial court accepted that stipulation and found defendant guilty of the one count of the information to which the stipulation applied, the court admonished defendant in accordance with Supreme Court Rule 402 (134 Ill. 2d R. 402). After the court entered its finding that defendant was guilty, it dismissed count I on the State's motion.

In May 1992, the trial court conducted a formal sentencing hearing and sentenced defendant to 14 years in prison. Defendant appeals and presents as his sole argument that the trial court failed to properly inform him under Supreme Court Rule 605(b) (134 Ill. 2d R. 605(b)) that he was required to file a motion to withdraw his guilty plea in order to appeal his conviction and sentence.

We affirm.

The record reveals that after the trial court sentenced defendant, it admonished him under the provisions of Supreme Court Rule 605(a) (134 Ill. 2d R. 605(a)). On appeal defendant argues that because he pleaded guilty, the trial court should have admonished him pursuant to Rule 605(b), which requires the trial court to inform a defendant of

the procedural steps he must take before he may appeal from a judgment and sentence entered on a plea of guilty. (See also Rule 604(d) (134 Ill. 2d R. 604(d)).) The State responds that although the record is not as clear as it could be, it nonetheless shows that defendant was convicted of aggravated criminal sexual assault at a stipulated bench trial rather than upon a plea of guilty. Thus, the State asserts that defendant was properly advised by the trial court of his appeal rights in accordance with Rule 605(a), which applies to defendants who have been convicted after pleading not guilty. We agree with the State.

The March 20, 1992, hearing began with defense counsel informing the court that the case would now "be a negotiated open plea; a finding of guilty to Count II of the Information. It's my understanding the [case] will be open plea as far as sentencing, and that they will move to dismiss Count I."

After the use of the term "negotiated open plea" by defense counsel, it would have been preferable for the trial court to clarify exactly what the nature of the proceeding was going to be. Nonetheless, subsequent statements by the court and counsel make clear that this proceeding was not a guilty plea. For example, after the State's Attorney stated in great detail what the various State's witnesses would testify to if called, the trial court asked defense counsel if he agreed that the State's witnesses would so testify, and he responded: "Your Honor, I believe that is the case that the People would present at trial, and that is the reason *for us entering this finding.*" (Emphasis added.)

At that same hearing, the trial court asked counsel for their advice on the procedures to be followed, as follows: "Counsel, in this type of a factual finding of guilty, does the court normally advise of the other rights that a defendant enjoys?" The prosecutor responded affirmatively, and defense counsel said nothing. The court then proceeded to provide defendant with the Supreme Court Rule 402 admonitions (134 Ill. 2d R. 402). The court concluded the hearing by stating the following: "Based upon the statement of evidence which would be presented in this cause, finding entered by the court that it has been proven beyond a reasonable doubt that the defendant did in fact commit the offense of aggravated criminal sexual assault in the manner and in form as charged in Count II of the Information."

At the May 15, 1992, sentencing hearing, after the trial court sentenced defendant to 14 years in prison, the court showed it was aware of its duty under Rule 605 to admonish defendant when it again asked counsel for their advice as follows: "Counsel, do you agree that the admonition under Rule 605, is pursuant to *subparagraph (a), after a*

*plea of not guilty?"* (Emphasis added.) The prosecutor again responded affirmatively, and defense counsel said nothing. Thereafter, the trial court admonished the defendant in accordance with Rule 605(a).

In *People v. McIntyre* (1991), 221 Ill. App. 3d 810, 812, 583 N.E.3d 99, 100, this court addressed a similar situation in which a defendant received a stipulated bench trial, was convicted of violating his bail bond, and appealed on the ground that because the stipulated bench trial was tantamount to a guilty plea, the trial court failed to properly admonish him pursuant to Supreme Court Rule 402. Distinguishing the facts in the case then before it from those in *People v. Horton* (1991), 143 Ill. 2d 11, 570 N.E.2d 320, the McIntyre court held that the defendant had in fact received a stipulated bench trial and did not plead guilty because "[d]efendant did not stipulate or concede that the facts related by the assistant State's Attorney would be sufficient to warrant a finding of guilt beyond a reasonable doubt." (*McIntyre,* 221 Ill. App. 3d at 813, 583 N.E.2d at 101.) Accordingly, this court found no error with the trial court for failing to comply with Rule 402.

■■ ■ Of particular significance to the case before us is the following statement from *McIntyre*:

> "Even though the parties concede a stipulated bench trial is tantamount to a guilty plea, it is not argued, nor do we find, that a motion equivalent to a motion to withdraw a guilty plea must first be presented to and considered in the trial court before this court has jurisdiction to address the issues arising from the stipulated bench trial. *People v. Wilk* (1988), 124 Ill. 2d 93, 529 N.E.2d 218; see 134 Ill. 2d R. 604(d)." (*McIntyre,* 221 Ill. App. 3d at 812, 583 N.E.2d at 100.)

The above quote has particular significance for the present case because if it is true that a defendant convicted in a stipulated bench trial need not, under Rule 604(d), first file a motion equivalent to a motion to withdraw a guilty plea in order to perfect an appeal from that conviction, then it must follow that the trial court here had no obligation, under Rule 605(b), at the time defendant was convicted pursuant to the stipulated bench trial to advise him of procedural steps he must take (applicable to defendants who pleaded guilty) if he wishes to take an appeal. The crux of defendant's position in this case is that the trial court was so obligated, and we reject it. Instead, we hold that if a stipulated bench trial is really that—in accordance with the *Horton* case—and not a mislabeled guilty plea, then the trial court should admonish the defendant upon conviction, as happened in the

present case, pursuant to Rule 605(a). That rule contains the admonitions the trial court should give to defendants who have been convicted after pleading *not* guilty.

Last, we note that many trial courts, out of a sense of caution, choose to give Rule 402 admonitions (applicable to defendants who offer to plead guilty) to defendants who are participants in a stipulated bench trial. We hold that if the proceedings are in fact a stipulated bench trial in accordance with the *Horton* case, then the fact that the trial court admonished the defendant under Rule 402 does not transform the stipulated bench trial into a guilty plea. The situation is analogous to one in which police officers, out of a sense of caution, give *Miranda* warnings to a person conversing with the officers even though that person is not in custody. The fact that the officers elect to do so does not transform a noncustodial situation into a custodial one.

For the reasons stated, we affirm the judgment of the circuit court.

Affirmed.

McCULLOUGH and COOK, JJ., concur.