THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LEON MICHAEL DUNAGAN, Defendant-Appellant.

First District (4th Division)   No. 81—1043

Opinion filed September 29, 1983.

James J. Doherty, Public Defender, of Chicago (James L. Rubens, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, David A. Shapiro, and Luann Rodi, Assistant State's Attorneys, of counsel), for the People.

JUSTICE JOHNSON delivered the opinion of the court:

Defendant, Leon Dunagan, was charged by indictment with the December 26, 1971, murder of Oscar Tucson Boyd. During a jury trial on the charge, defense counsel made an oral motion to quash defendant's arrest and suppress evidence, particularly an inculpatory statement made to police officers after defendant's arrest. The motion was heard and denied. Defendant was subsequently convicted of the offense (Ill. Rev. Stat. 1969, ch. 38, par. 9—1(a)) and sentenced to a term of not less than 50 nor more than 100 years in the Illinois Department of Corrections. The conviction was affirmed on appeal to this court (*People v. Dunagan* (1979), 71 Ill. App. 3d 972, 389 N.E.2d 1261, *vacated* (1980), 446 U.S. 905, 64 L. Ed. 2d 257, 100 S. Ct.

1829); defendant's petition for leave to appeal to the Illinois Supreme Court was denied.

Defendant petitioned the United States Supreme Court for a writ of *certiorari*, and on April 21, 1980, that court ordered that the judgment of the Illinois appellate court be vacated and the cause be remanded for further consideration in light of the decision in *Payton v. New York* (1980), 445 U.S. 573, 63 L. Ed. 2d 639, 100 S. Ct. 1371. In accordance with that order, on December 9, 1980, this court vacated the judgment of the circuit court of Cook County and remanded the cause for further consideration in light of the decision in *Payton.*

A new hearing on defendant's motion to quash his arrest and suppress evidence commenced on March 16, 1981. At that suppression hearing, the State stipulated that defendant's arrest occurred on December 28, 1971, at approximately 9:50 p.m., in apartment 1002 of a Chicago Housing Authority building located at 6215 South Wabash Avenue. Defendant's arrest was carried out without a warrant. Defense counsel conceded that probable cause existed for the arrest.

The only State witness to testify at the hearing was Claude Wiley, one of the arresting officers. He stated that at approximately 7:30 p.m. on December 28, 1971, he and his partner saw several individuals tampering with a trailer truck in the lot of a service station at 63rd Street and Wabash Avenue. When the officers approached, all of the individuals fled except Reginald Brown. During their conversation with Brown at that time, Brown told the officers that he had some information for them. The officers took Brown to Area 2 headquarters where he gave them a written statement, according to which Brown stated that Leon Dunagan, the defendant, committed the shooting that occurred two days earlier. Brown's statement contained defendant's name, age, address, and telephone number. This information corroborated earlier police reports that the shooting was committed by a young man, 16 or 17 years of age, who ran into the building at 6215 South Wabash Avenue after firing the shot. Brown also informed the officers that defendant had several weapons in his apartment. The officers then took Brown back to where they had originally picked him up and proceeded to the Wabash Avenue address at about 9:30 p.m. When the police officers knocked on the door of apartment 1002, a male voice asked who was there. The officers responded that it was the police. The door was opened and Officer Wiley asked if Leon Dunagan was there; the man responded that he was Leon Dunagan. The officers then entered the apartment. Defendant's mother and a young woman were present. Officer Wiley testified that neither the officers nor the defendant drew a weapon at any time during this

interlude, although later the officers did draw their weapons when approximately 15 shots were fired at them as they left the building with the handcuffed defendant.

During cross-examination of Officer Wiley, it was learned that the officers had never used Brown as an informant before, and that Brown was not present at the shooting but had received his information from someone else. Wiley also stated that they did not attempt to obtain an arrest warrant and had no particular reason to believe that defendant would not be present when they arrived at his apartment.

Following the arguments of counsel, the court concluded that exigent circumstances existed which permitted the warrantless entry and again denied defendant's motion. The court then reinstated the judgment of conviction. At a subsequent sentencing hearing, defendant made a statement in his own behalf after which he was resentenced to not less than 14 nor more than 20 years' imprisonment. Defendant now appeals from this judgment, contending that the trial court erred in again denying his motion to quash his arrest and suppress his confession.

Defendant contends that his fourth amendment rights were violated by the trial court's failure to quash his arrest and suppress his confession. It should be noted initially that defendant has conceded the existence of probable cause, and it is undisputed that the arrest was made without a warrant. He argues that in light of *Payton v. New York* (1980), 445 U.S. 573, 63 L. Ed. 2d 639, 100 S. Ct. 1371, his warrantless arrest and all evidence which flows from it are invalid. Defendant's argument appears to be based on the premise that an arrest warrant is necessary under all circumstances and that evidence obtained following an arrest without a warrant must automatically be suppressed. This proposition must of course be rejected.

Contrary to the spirit of defendant's argument, an arrest and its consequences are not invalid simply because it was carried out without a warrant. There are circumstances which obviate obtaining a warrant prior to making an arrest. Since probable cause is conceded, the question becomes whether those circumstances necessary to validate a warrantless arrest are present in this case.

In *Payton v. New York* (1980), 445 U.S. 573, 63 L. Ed. 2d 639, 100 S. Ct. 1371, the United States Supreme Court held that police are prohibited from making a warrantless and nonconsensual entry into a suspect's home in order to make a routine felony arrest. However, the *Payton* court also noted that a warrantless entry may be justified by a showing of exigent circumstances. See also *People v. Abney* (1980), 81 Ill. 2d 159, 407 N.E.2d 543.

■ In the instant case, the trial court found that the entry into defendant's apartment was nonconsensual. The evidence showed that someone, most likely defendant, asked, "Who is it," when the police knocked on the door. The door was opened when the officers responded, "police." There is no evidence that anyone invited them in, simply that they entered when the door was opened. We agree with the trial court's finding. Thus, the issue here is whether exigent circumstances existed which would justify the police officers' decision to proceed without a warrant. See *Payton v. New York* (1980), 445 U.S. 573, 63 L. Ed. 2d 639, 100 S. Ct. 1371; *People v. Abney* (1980), 81 Ill. 2d 159, 407 N.E.2d 543; *People v. Thompson* (1981), 93 Ill. App. 3d 995, 418 N.E.2d 112.

In determining whether exigent circumstances exist, courts must consider (1) the gravity or violent nature of the offense, (2) whether the suspect is reasonably believed to be armed, (3) a clear showing of probable cause to believe the suspect committed the crime, (4) strong reason to believe the suspect is in the premises, (5) a likelihood that the suspect will escape if not swiftly apprehended, and (6) the peaceful circumstances of the entry. (*People v. Thompson* (1981), 93 Ill. App. 3d 995, 1004.) Additionally, the court may consider (1) prompt action by the police in arresting the suspect after learning of his possible involvement, (2) no deliberate or unjustified delay during which time a warrant could have been obtained, and (3) a belief that the suspect was armed and violent. See *People v. Abney* (1980), 81 Ill. 2d 159, 407 N.E.2d 543.

We find it useful to evaluate the specific facts of this case in light of the criteria set forth in *People v. Abney* (1980), 81 Ill. 2d 159, 407 N.E.2d 543, and *People v. Thompson* (1981), 93 Ill. App. 3d 995, 418 N.E.2d 112.

In the case at bar, the police received the information regarding defendant's involvement at sometime after 7:30 p.m., and they arrested defendant shortly after 9:30 p.m., approximately 2 hours later. Although Brown was not a known informer, he did provide defendant's name, age, address, and telephone number, was acquainted with defendant and provided the police with a written and signed statement. As noted earlier, this information was corroborated by other information gathered by the police. Shortly afterward, the officers went to defendant's apartment. Here, the police acted promptly after learning of defendant's involvement. (See *People v. Thompson* (1981), 93 Ill. App. 3d 995, 418 N.E.2d 112.) There was no deliberate or unnecessary delay.

Once the police officers received Brown's statement which supple-

mented the information already known to them, a decision had to be made: act quickly to arrest the suspect or get a warrant. We will not speculate about the various options available to the police officers.

■■ Clearly, murder is a violent act. In this case, it was committed by shooting the victim. Thus, the police officers were well aware that defendant might be armed. Moreover, Brown told them that defendant had several weapons in his apartment. Based on these facts, the officers could reasonably believe that defendant was armed and possibly violent. See *People v. Abney* (1980), 81 Ill. 2d 159, 407 N.E.2d 543; *People v. Thompson* (1981), 93 Ill. App. 3d 995, 418 N.E.2d 112.

We believe that criteria for determining whether exigent circumstances existed have been met. As this court said in *Thompson,* each factor outlined above need not be present in its entirety; they need only be satisfied on balance. *People v. Thompson* (1981), 93 Ill. App. 3d 995, 1005, 418 N.E.2d 112.

As the court stated in *People v. Abney* (1980), 81 Ill. 2d 159, 173, 407 N.E.2d 543, the guiding principle of reasonableness governs searches and seizures under the Constitution. In making its determination of whether law enforcement officials acted reasonably in a given case, the court should be careful to judge the circumstances as known to the police at the time they acted. *People v. Abney* (1980), 81 Ill. 2d 159, 173, 407 N.E.2d 543.

We believe that under the facts and circumstances of this case the police officers acted reasonably. The trial court's findings of exigent circumstances and its judgment will therefore be affirmed.

Affirmed.

ROMITI, P.J., and JIGANTI, J., concur.