THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* KENNETH KEY, Defendant-Appellant.

First District (1st Division)  No. 82—2581

Opinion filed March 5, 1984.—Rehearing denied March 26, 1984.

Scott Graham, of State Appellate Defender's Office, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, James S. Veldman, and Louis F. Stalzer, Assistant State's Attorneys, of counsel), for the People.

JUSTICE CAMPBELL delivered the opinion of the court:

Following a jury trial, defendant Kenneth Key was convicted of aggravated battery, attempted rape, unlawful restraint, deviate sexual assault and three counts of armed violence. Defendant was sentenced to concurrent terms of five years for aggravated battery, 15 years for attempted rape, 30 years for deviate sexual assault and 30 years for armed violence.

On appeal, defendant raises the following issues: (1) whether there was probable cause to arrest defendant and whether the trial court erred in refusing to quash defendant's arrest and suppress identification evidence; (2) whether defendant was denied a fair trial by the introduction of inadmissible hearsay; (3) whether defendant was denied effective assistance of counsel; (4) whether certain prosecutorial remarks during closing argument deprived defendant of a fair trial; (5) whether defendant's conviction for armed violence based on unlawful restraint must be vacated; (6) whether defendant's unlawful restraint conviction must be vacated; and (7) whether remaining convictions must be remanded for resentencing.

The record discloses that on the evening of June 3, 1981, the victim was attacked with a screwdriver and sexually assaulted in her apartment. After the attack, the victim, with the aid of a neighbor, went outside and stopped a police officer who took her to Jackson Hospital.

At trial, the victim testified that she was walking to her apartment when she met defendant, whom she said she had known for four months. Defendant asked her for a glass of water and she invited him into her apartment. Defendant then put his arm around her neck and held a screwdriver to her throat while leading her to the bedroom where he threw her on the bed. Defendant took the sheet off of the bed and wrapped part of it around her eyes and stuffed part of the sheet into her mouth. Defendant then tore the victim's blouse and pulled down her pants and panties and attempted to rape her. Defend-

ant ordered her not to move and when she did he began stabbing her neck and chest with the screwdriver. Defendant then placed her on the bed springs, threw the mattress on top of her and continued to stab her. The victim was then able to escape but tripped and defendant again stabbed her and hit her on the head with a television. Defendant left the apartment, and she washed up and changed her clothes. At Jackson Hospital the victim was treated for stab wounds.

Chicago police officer Doris Byrd testified that she spoke with the victim at Jackson Hospital. The victim told Byrd that she was attacked by a man known to her as "Blue" who lived at 7434 South King Drive. The victim described defendant as black, five foot eight inches tall, 200 pounds, approximately 30 years old with brown eyes, black hair and a medium brown complexion and wearing a blue jean jacket and brown shoes. Byrd and her partner, Officer Thomas Jones, spoke with the victim's building manager, Marilyn Flowers, who told them that defendant was known as "Blue" and has previously lived in the building. Defendant's rental application indicated that defendant's mother lived at 7626 South Yates. Byrd testified that she and Jones went to that address and were admitted into the home by defendant's mother. Defendant told the officers that he was known as "Blue." After being apprised of the charges against him, defendant was taken to Jackson Hospital where a "show-up" was conducted and the victim identified defendant as her attacker. Defendant was then placed under arrest. While in custody, defendant's blood-stained shoes were confiscated by Officer Byrd. Furthermore, according to Byrd, she obtained a search warrant for defendant's home and confiscated a blood-stained blue jean jacket and a pair of shorts, also blood-stained.

James Doran, Chicago police department microanalyst, testified that the blood on all the clothing was Type O but that he was unable to subgroup the blood any further. Doran noted that both defendant and the victim had Type O blood. Defense expert witness, Emmett Harmon, a microbiologist, testified that he tested the blood found on the clothing and both of the parties' blood samples. In Harmon's opinion, the blood on the clothing did not come from either party.

Defendant denied at trial that he committed the crimes with which he was charged. Defendant testified that on the evening of June 3, 1981, he went to the beach with Joy Hudson and Jan Bolden and returned home around 10 o'clock that evening. Defendant then went to the store and to McDonald's, returned home, and went to sleep. Defendant's testimony was corroborated at trial by Jan Bolden and by defendant's mother, Judy Key.

I

■ Defendant first contends that the trial court erred in denying his motions to quash his arrest and suppress evidence where there was no probable cause to arrest defendant. Defendant argues his arrest was illegal where the facts known to the police at the time of the arrest were not sufficient to show probable cause. Defendant claims that based on the United States Supreme Court's holding in *Payton v. New York* (1980), 445 U.S. 573, 63 L. Ed. 2d 639, 100 S. Ct. 1371, it was a violation of the fourth amendment to make a warrantless, nonconsensual entry into defendant's home to make a felony arrest in the absence of exigent circumstances. Defendant claims the State's failure to obtain a warrant, coupled with the failure to obtain consent to enter defendant's home, rendered the entry illegal and tainted the evidence seized from defendant's home. Defendant maintains, therefore, that the illegally seized evidence should have been suppressed. Additionally, defendant claims that the identification evidence obtained from the show-up should have been suppressed.

Initially, we note that the issue concerning the existence of consent to enter defendant's home is waived by defendant's failure to raise the issue in a pretrial or post-trial motion. (See *People v. Adkisson* (1980), 83 Ill. 2d 1, 413 N.E.2d 1238; *People v. Devine* (1981), 98 Ill. App. 3d 914, 424 N.E.2d 823.) A police officer has probable cause to arrest when the facts and circumstances within the arresting officer's knowledge are sufficient to warrant a man of reasonable caution in believing that an offense has been committed and that the person arrested is guilty. (*People v. Reynolds* (1983), 94 Ill. 2d 160, 445 N.E.2d 766.) A general description of the offender is insufficient to establish probable cause unless supported by other relative facts and circumstances known to the arresting officer. *People v. Lippert* (1982), 89 Ill. 2d 171, 432 N.E.2d 605, *cert. denied* (1982), 459 U.S. 841, 74 L. Ed. 2d 85, 103 S. Ct. 92.

■ We are convinced in this case that the trial court could have found, based on the evidence presented at the pretrial hearing, that Officers Byrd and Jones had probable cause to arrest defendant without a warrant. The victim described defendant in detail as well as giving the officers defendant's nickname. According to Officer Jones, defendant fit the description given by the victim. The victim also told the officers that defendant had lived in her building, and the building manager corroborated that information. The officers were led to defendant's residence by information also obtained from the building manager. At defendant's home, the officers noticed a tatoo on defendant's arm bearing the name "Blue," and defendant affirmed that he

was known by that name.

■ Furthermore, the trial court found that the arrest was made pursuant to exigent circumstances. In *People v. Abney* (1980), 81 Ill. 2d 159, 169-71, 407 N.E.2d 543, 547-48, our supreme court identified three exigent circumstances: (1) the need for prompt action; (2) the absence of any deliberate or unjustified delay by officers during which time a warrant could have been obtained; (3) the belief that the suspect was armed and exhibited some violent character. (See also *People v. Eichelberger* (1982), 91 Ill. 2d 359, 438 N.E.2d 140, *cert. denied* (1982), 459 U.S. 1019, 74 L. Ed. 2d 514, 103 S. Ct. 383.) In the same opinion, the court identified additional factors which suggest the officers acted reasonably: (1) the officers were acting on a clear showing of probable cause based on reasonably trustworthy information; (2) the defendant was clearly identified as the assailant; (3) there was strong reason to believe the defendant was on the premises entered; and (4) the entry was peaceful. (*People v. Abney* (1980), 81 Ill. 2d 159, 171-72, 407 N.E.2d 543, 549.) Upon our review of the record, we cannot say that the trial court's determination that exigent circumstances existed was manifestly erroneous. Nor are we convinced that there was not a reasonable basis for the issuance of the search warrant and for the admission of both the physical and identification evidence. In our opinion, the totality of circumstances in this case demonstrated the reasonableness of defendant's arrest, and we will not disturb the trial court's decision denying defendant's motions to quash his arrest and suppress evidence. See *People v. Dunagan* (1983), 118 Ill. App. 3d 474, 455 N.E.2d 542.

## II

Defendant next contends the trial court improperly admitted alleged hearsay testimony. In particular, defendant claims as error the admission of testimony by the victim and Officer Taylor that the victim told Officer Taylor that her attacker was known as "Blue" and had lived in her apartment building. Defendant claims that the hearsay testimony was a violation of the general rule that a witness' testimony cannot be corroborated or bolstered by introducing a prior inconsistent out-of-court statement. (*People v. Powell* (1973), 53 Ill. 2d 465, 292 N.E.2d 409.) Further, defendant maintains that the hearsay testimony did not come within the following two exceptions to the rule: (1) that the in-court testimony is a recent fabrication; or (2) that the witness has a positive motive for testifying falsely. Finally, defendant argues that his theory of the case, that the building janitor committed the crime, was not properly evaluated in light of the hearsay testimony and therefore was prejudicial error. The State responds

that defendant waived review of this alleged error by failing to object to the testimony at trial (*People v. Patterson* (1981), 102 Ill. App. 3d 844, 430 N.E.2d 574), and by failing to raise the issue in his post-trial motion. *People v. Akis* (1976), 63 Ill. 2d 296, 347 N.E.2d 733.

■ The State presents several alternative arguments in the absence of waiver. We need not reach those arguments, however, for we agree that defendant has waived objection to the alleged hearsay testimony for purposes of review.

### III

Defendant next contends that he was denied effective assistance of counsel. Defendant complains in particular of: defense counsel's failure to raise the issue of consent to enter defendant's home; counsel's failure to object to hearsay testimony; counsel's choice of an expert witness who allegedly did not aid defendant in his defense; and counsel's failure to object during the prosecutor's closing argument.

■ Although the right to effective assistance of counsel is well established, a defendant is entitled to a fair trial, not a perfect one. (*People v. Royse* (1983), 99 Ill. 2d 163, 457 N.E.2d 1217.) In *Royse*, our supreme court examined the standard for evaluating counsel's performance where ineffective assistance of counsel is alleged. The court determined that whether counsel is retained or court-appointed, representation is deficient "if the incompetence produced substantial prejudice to the defendant without which the result would probably have been different." (99 Ill. 2d 163, 168, 99 N.E.2d 1217.) Competency of counsel depends on the facts and circumstances of each case viewed in their totality from the entire record, rather than focusing upon isolated instances occurring during the course of the trial. *People v. Mahon* (1979), 77 Ill. App. 3d 413, 395 N.E.2d 950.

■ After reviewing defendant's specific complaints concerning defense counsel's performance at trial, we are not convinced that defense counsel's representation of defendant was so prejudicial as to have deprived defendant of a fair trial. Moreover, defendant's complaints are directed at questions of trial strategy, exercise of judgment and discretion. A reviewing court's examination of competence does not extend to review of those areas. (See *People v. Greer* (1980), 79 Ill. 2d 103, 402 N.E.2d 211.) The record in this case reveals that defense counsel represented his client vigorously and, on the whole, sufficiently ably to preclude a finding of incompetency.

### IV

■ Defendant contends that he was denied a fair trial because of

numerous improper and prejudicial remarks by the prosecution during closing argument.

Defendant has waived review of the errors, as claimed, by failing to make timely objection to them during trial. (*People v. Bartall* (1983), 98 Ill. 2d 294, 456 N.E.2d 59.) Even where no objection is made, however, inflammatory remarks warrant reversal when defendant has been denied a fair trial or where the remarks substantially interfere with the fundamental integrity of the judicial process. (*People v. Bartall* (1983), 98 Ill. 2d 294, 456 N.E.2d 59; *People v. Romero* (1967), 36 Ill. 2d 315, 223 N.E.2d 121.) After examining the arguments, we conclude that they did not so substantially undermine the fairness of defendant's trial as to warrant reversal.

## V

Defendant contends his conviction for armed violence based on unlawful restraint must be vacated in view of the supreme court's decision in *People v. Wisslead* (1983), 94 Ill. 2d 190, 446 N.E.2d 512. In *Wisslead,* the court held that armed violence based on unlawful restraint was unconstitutional. The court reasoned that such a conviction would require the imposition of a penalty which would be greater than for a conviction of a more serious offense, such as aggravated kidnaping, thereby making the penalties unconstitutionally disproportionate.

In this case, defendant was found guilty of both unlawful restraint and armed violence. Apparently, the trial court chose to merge the offenses and impose a 30-year sentence. Because we are unable to determine from the record the weight which was accorded to each of the offenses in imposing the sentence, on the authority of *People v. Wisslead* (1983), 94 Ill. 2d 190, 446 N.E.2d 512, we reverse the conviction for armed violence and remand this cause for proper sentencing for the offense of unlawful restraint. *People v. Bourke* (1983), 96 Ill. 2d 327, 449 N.E.2d 1338.

## VI

Defendant also contends his conviction for unlawful restraint must be vacated. Defendant argues that his convictions for deviate sexual assault and unlawful restraint were based on the same conduct and, therefore, defendant could not have been convicted of both offenses. (*People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838.) It appears from the record that both of said offenses were predicated on separate criminal acts and that each of the charges is supported by the record. Moreover, not one of the crimes is a lesser-included of-

fense of the others. Defendant had not attempted to set forth any basis for claiming that the particular offenses are so wanting in facts or detail, or that the evidence was so insufficient, as to warrant the vacating of his unlawful restraint conviction. As the court stated in *People v. King,* "when more than one offense arises from a series of incidental or closely related acts and the offenses are not, by definition, lesser included offenses, convictions with concurrent sentences can be entered." (66 Ill. 2d 551, 566, 363 N.E.2d 838, 845.) Defendant has made only general allegations and, after reviewing the record, we find sufficient evidence to support defendant's separate convictions for deviate sexual assault and for unlawful restraint.

## VII

Having affirmed defendant's convictions for unlawful restraint and deviate sexual assault, we need not reach the issue whether those convictions were improperly considered by the trial court in sentencing defendant.

For the foregoing reasons, defendant's conviction for armed violence is vacated and the cause remanded for resentencing on defendant's conviction for unlawful restraint. In all other respects, the judgment of the circuit court is affirmed.

Affirmed in part and vacated in part and remanded.

McGLOON and GOLDBERG, JJ., concur.