(No. 55818.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. SCOTT A. WISSLEAD, Appellee.

*Opinion filed February 18, 1983.*

SIMON, J., RYAN, C.J., and UNDERWOOD, J., dissenting.

Tyrone C. Fahner, Attorney General, of Springfield (Herbert Lee Caplan, Melbourne A. Noel, Jr., and Daniel M. Harris, Assistant Attorneys General, of Chicago, of counsel), for the People.

Daniel P. Nagan, of Bisbee & Nagan, of Macomb, for appellee.

JUSTICE WARD delivered the opinion of the court:

On April 1, 1981, the defendant, Scott A. Wisslead, was charged with committing the offense of unlawful restraint (Ill. Rev. Stat. 1979, ch. 38, par. 10—3(a)) and the offense of armed violence (Ill. Rev. Stat. 1979, ch. 38, par. 33A—2) based on the underlying felony of unlawful restraint. The criminal information alleged that on March 31, 1981, Wisslead, while armed with a revolver, detained his estranged wife without legal authority. On August 13, 1981, the defendant filed a motion to dismiss, contending that the unlawful-restraint statute is unconstitutionally vague, that the armed-violence statute provides an arbitrary classification of penalties, and that the offense of armed violence cannot be based on the crime of unlawful restraint. On October 5, 1981, the circuit court of McDonough County held that the unlawful-restraint statute is not unconstitutionally vague. It further held that the armed-violence statute, as applied to the unlawful-restraint statute, violated sections 2 and 11 of article I of the Constitution of the State of Illinois (Ill. Const. 1970, art. I, secs. 2, 11) and the fourteenth amendment of the Constitution of the United States (U.S. Const., amend. XIV) in that "the statutory scheme of penalties is arbitrary, capricious, and not reasonably related to the seriousness of the offenses" classified under article 10 of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, pars. 10—1 through 10—5 (kidnaping and related offenses)). The court declared the armed-violence statute unconstitutional as applied to the unlawful-

restraint statute and dismissed the charge of armed violence. The court denied the motion to dismiss the unlawful-restraint count. The People have appealed to this court under our Rule 302(a). 73 Ill. 2d R. 302(a).

The People first contend that the defendant's challenge to the sentencing provisions of the armed-violence statute is premature since there has not been an adjudication of guilt. The record shows that this contention was not presented, argued or decided in the trial court. Since the question has been raised for the first time on appeal, it will not be considered. *Hamer v. Kirk* (1976), 65 Ill. 2d 211; *People ex rel. Wilcox v. Equity Funding Life Insurance Co.* (1975), 61 Ill. 2d 303; *Kravis v. Smith Marine, Inc.* (1975), 60 Ill. 2d 141.

The defendant acknowledges that from the literal language of the statute it would appear that a charge of armed violence might be founded upon the underlying felony of unlawful restraint. This seems so from the language of the armed-violence statute. Section 33A—2 of the Criminal Code of 1961 provides that "[a] person commits armed violence when, while armed with a dangerous weapon, he commits any felony defined by Illinois Law." (Ill. Rev. Stat. 1979, ch. 38, par. 33A—2.) In *People v. Haron* (1981), 85 Ill. 2d 261, we concluded that armed violence could be based only on "a predicate offense which is a felony without enhancement by the presence of a weapon." (85 Ill. 2d 261, 278.) Section 10—3(a) of the Criminal Code of 1961 provides that "[a] person commits the offense of unlawful restraint when he knowingly without legal authority detains another." (Ill. Rev. Stat. 1979, ch. 38, par. 10—3(a).) The presence of a weapon is not an element of the felony offense of unlawful restraint, and it has been held that the crime may serve as the underlying offense to a charge of armed violence. (*People v. Jones* (1981), 93 Ill. App. 3d 475.) The argument the defendant makes, however, was

not considered in *Jones.*

The ground of the defendant's argument that the involved statutory scheme of penalties is arbitrary and capricious is: Unlawful restraint is a less serious crime than kidnaping (Ill. Rev. Stat. 1979, ch. 38, par. 10—1) and should be punished less severely. It is reasonable then, he says, that the commission of unlawful restraint while armed (which constitutes the offense of armed violence) should be regarded as less serious, and accordingly be punished less severely, than the commission of kidnaping while armed (which the defendant states is, because of the presence of a dangerous weapon, the offense of aggravated kidnaping under section 10—2(a)(5) of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 10—2(a)(5))). Armed violence, which here would be unlawful restraint while armed with a revolver, is a Class X felony when a Category I weapon (*e.g.,* a gun) is present (Ill. Rev. Stat. 1979, ch. 38, pars. 33A—1(b), 33A—3(a)); aggravated kidnaping here (kidnaping while armed under section 10—2(a)(5)), however, is only a Class 1 felony (Ill. Rev. Stat. 1979, ch. 38, pars. 10—2(b)(2), 1005—8—1(a)(3), (a)(4))—a lesser offense. Allowing armed violence to be predicated on the offense of unlawful restraint, the defendant argues, is unreasonable and, as the circuit court determined, unconstitutional.

It is apparent from the face of the statute that one who kidnaps another while armed with a dangerous weapon can be prosecuted under section 10—2(a)(5) of the aggravated-kidnaping statute and would be subject to a lesser penalty than a person prosecuted on similar facts for armed violence based on unlawful restraint. Section 10—2(a)(5) states:

> "A kidnaper within the definition of paragraph (a) of Section 10—1 [the kidnaping statute] is guilty of the offense of aggravated kidnaping when he:
>
> \* \* \*
>
> Commits the offense of kidnaping while armed

with a dangerous weapon, as defined in Section 33A—1 of the 'Criminal Code of 1961'." (Ill. Rev. Stat. 1979, ch. 38, par. 10—2(a)(5).)

Section 10—1(a) (simple kidnaping) provides:

"Kidnaping occurs when a person knowingly:

(1) And secretly confines another against his will, or

(2) By force or threat of imminent force carries another from one place to another with intent secretly to confine him against his will, or

(3) By deceit or enticement induces another to go from one place to another with intent secretly to confine him against his will." (Ill. Rev. Stat. 1979, ch. 38, par. 10—1(a).)

Comparing the language defining the offense of unlawful restraint with the above definitions of aggravated kidnaping and kidnaping, it can be seen that unlawful restraint is a less serious offense than kidnaping. The penalty prescribed for unlawful restraint and the type of conduct involved in its commission illustrate that it is less serious than kidnaping. The legislature has classified unlawful restraint as a Class 4 felony (Ill. Rev. Stat. 1979, ch. 38, par. 10—3(b)); it made kidnaping the more serious Class 2 felony (Ill. Rev. Stat. 1979, ch. 38, par. 10—1(c)). Unlawful restraint requires an illegal detention; kidnaping involves secret confinement, deceit or enticement, or force or threat of imminent force. When one adds the element of the presence of a Category I weapon, such as a gun, to those required for unlawful restraint and to those required for kidnaping, the offenses may be prosecuted as armed violence based on unlawful restraint and aggravated kidnaping respectively. Since each offense is enhanced by the identical additional element, a gun, the lesser offense of unlawful restraint should not thereby become a graver offense than kidnaping. However, incongruously it does where aggravated kidnaping is charged. Armed violence based on unlawful restraint with a Category I weapon is a Class X fel-

ony, whereas aggravated kidnaping is only a Class 1 felony, a lesser offense. Section 2 of article I of the Constitution of Illinois states: "No person shall be deprived of life, liberty or property without due process of law nor be denied the equal protection of the laws." (Ill. Const. 1970, art. I, sec. 2.) Section 11 of article I in part provides: "All penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." (Ill. Const. 1970, art. I, sec. 11.) The policy underlying these constitutional provisions would be violated if the penalty prescribed for an offense is not as great or greater than the penalty prescribed for a less serious offense. (*Cf. People v. Bradley* (1980), 79 Ill. 2d 410 (a more serious penalty should not be provided for a less serious offense); *People v. Wagner* (1982), 89 Ill. 2d 308.) The sentences which may be imposed for the offense of armed violence based on unlawful restraint with a Category I weapon and for the more serious offense of aggravated kidnaping are unconstitutionally disproportionate.

A similar comparison of the unlawful-restraint statute with the forcible-detention statute (Ill. Rev. Stat. 1979, ch. 38, par. 10—4) compels the same conclusion of unconstitutionality. "A person commits the offense of forcible detention [a Class 2 felony] when he holds an individual hostage without lawful authority for the purpose of obtaining performance by a third person of demands made by the person holding the hostage, and (1) the person holding the hostage is armed with a dangerous weapon as defined in Section 33A—1 of this Code ***." (Ill. Rev. Stat. 1979, ch. 38, par. 10—4(a)(1).) Comparison of the definition of the offense of unlawful restraint with the definition of forcible detention under section 10—4(a)(1) shows that unlawful restraint is a lesser included offense of forcible detention. A lesser included offense is one which is established by "less than all of the facts or a less culpable mental state (or both), than that which is required to establish the commis-

sion of the offense charged ***." (See Ill. Rev. Stat. 1979, ch. 38, par. 2—9(a).) The offense of forcible detention requires all of the elements of unlawful restraint and, in addition, requires the holding of a hostage for the purpose described in the statute and being armed with a dangerous weapon.

The legislature has provided through the armed-violence statute that the commission of unlawful restraint while armed with a Category I weapon (*e.g.,* a gun) is a Class X felony. It has also provided that, when the element of the holding of a hostage is added to this offense of armed violence based upon unlawful restraint, the offense becomes, by definition, the offense of forcible detention. But, remarkably and incongruously, the result is to reduce the penalty from that for a Class X felony to that for a Class 2 felony, forcible detention. (See Ill. Rev. Stat. 1979, ch. 38, pars. 10—4(b), 1005—8—1(a)(5).) This sentencing scheme violates the constitutional assurances of proportionate penalties and due process since the penalty for a Class 2 offense, forcible detention, is less than that for armed violence based on unlawful restraint though another element has been added to those of the lesser included offense.

For the reasons given, the judgment of the circuit court of McDonough County is affirmed.

*Judgment affirmed.*

JUSTICE SIMON, dissenting:

I do not agree that an unconstitutional disproportion is presented by this case. I would reverse the circuit court's determination in this regard and remand for trial on the armed-violence count.

The majority completely ignores the State's argument that a prosecutor can always charge armed violence when a defendant commits a felony with a dangerous weapon, provided that the prosecutor relies on an unenhanced crime as the predicate felony so as to avoid the proscrip-

tion of *People v. Haron* (1981), 85 Ill. 2d 261, against double enhancement. To illustrate, the State need not charge aggravated kidnaping when a defendant commits kidnaping with a gun; instead, it may charge armed violence based on simple kidnaping. Similarly, the State is not required to charge forcible detention or forgo a prosecution altogether when a defendant commits forcible detention; in that situation it may charge armed violence based on unlawful restraint, unlawful restraint being a lesser included offense of forcible detention and one which does not require the use of a weapon. I cannot anticipate a situation in which the State would be able to charge armed violence when a defendant commits a given crime while armed, yet would be unable to charge armed violence altogether should the defendant commit a more "serious" crime while armed. As long as the weapon used is a Category I weapon (Ill. Rev. Stat. 1981, ch. 38, pars. 33A—1(b), 33A—3(a)), Class X punishment is available for its use regardless of the felony defendant commits while armed.

This is a complete answer to any claim that the armed-violence statute is unconstitutional because of disproportion. To use the defendant's examples, no one who is guilty of unlawfully detaining another while armed would be encouraged, in order to avoid more severe punishment, to kidnap the victim or hold her hostage instead of merely detaining her. Class X punishment could be imposed in any event. (See *People v. Bradley* (1980), 79 Ill. 2d 410 (a criminal statute violates due process if not reasonably designed to remedy the evils which the legislature has determined to be a threat to the public health, safety or general welfare, and a disproportion in punishment between crimes of different magnitudes violates the remedial purpose of criminal laws).) At most, there exists a possibility that one who kidnaps another or holds another hostage may be charged with a Class 1 or Class 2 felony rather than with the Class X felony or armed violence, but this is at the option of the

prosecutor, who has the choice of moving in either direction. As armed violence based on an unenhanced felony permits no defenses which aggravated kidnaping or forcible detention do not also permit, I do not see why any prosecutor with his wits about him would forswear the Class X charge in favor of Class 1 or Class 2 punishment, except perhaps in the everyday context of a plea bargain in which a defendant is threatened with prosecution for a Class X felony if he does not admit to certain allegations.

The sentencing structure comports fully with the apparent intent of the legislature to provide the maximum disincentive for the carrying of dangerous weapons such as guns in the commission of felonies. The purpose, of course, is to minimize the potential mayhem that may result from an inherently violent crime or to reduce the possibility that a felony that is not intrinsically violent may erupt into violence. To the extent that those who are contemplating the commission of a felony fear punishment and realize that their punishment will be greater if they have a dangerous weapon on their person while committing the felony, some felons will be tempted to leave their guns or knives at home, and fewer people will be hurt. The armed-violence statute acts as a sort of stand-in for a gun control law, and, as such, it serves a useful deterrent purpose. The scheme of punishment under the armed-violence statute is internally consistent. It does not encourage the commission of more serious felonies by a felon who is armed. It thus deprives no one of due process or equal protection of the laws. (*People v. McCollough* (1974), 57 Ill. 2d 440, 445; see *United States v. Batchelder* (1979), 442 U.S. 114, 60 L. Ed. 2d 755, 99 S. Ct. 2198 (firearms statutes proscribing the same conduct but providing different penalties held constitutional); *Oyler v. Boles* (1962), 368 U.S. 448, 455-57, 7 L. Ed. 2d 446, 452-53, 82 S. Ct. 501, 505-06.) I see no basis for holding that the armed-violence statute cannot constitutionally be applied to unlawful restraint and would

remand the cause accordingly.

RYAN, C.J., and UNDERWOOD, J., join in this dissent.