**UNITED STATES of America ex rel.
Ernest A. MOTA, Petitioner,**

**v.**

**James W. FAIRMAN, Warden,
Respondent.**

**No. 84 C 10370.**

United States District Court,
N.D. Illinois, E.D.

Nov. 21, 1985.

---

William H. Theis, Chicago, Ill., for petitioner.

Mark Rotert, Asst. Atty. Gen., Chicago, Ill., for respondent.

## MEMORANDUM OPINION AND ORDER

PLUNKETT, District Judge.

Petitioner, Ernest A. Mota ("Mota") brought this petition for habeas corpus relief, seeking a remand to the state court for a new sentencing hearing. Presently before the court are the parties' cross-motions for summary judgment. For the reasons set forth below, Mota's motion is granted and, accordingly, Respondent's motion is denied.

The facts are not in dispute. In August 1982, Mota committed an armed robbery of a restaurant in Calumet City, Illinois. Holding eleven people at bay, Mota robbed the store of $7,000 and then took one of the restaurant employees as a hostage to aid him in his escape. Counts I through XI of the resulting indictment charged Mota with armed robbery, one count representing each employee present in the restaurant during the incident. Count XII charged Mota with burglary of the restaurant. Counts XIII through XXIV each charged Mota with the offense of armed violence, Ill.Rev.Stat. ch. 38, § 33A–2; i.e., the commission of eleven acts of unlawful restraint on the eleven employees while armed with a gun. Count XXIV specifically dealt with Mota's conduct toward the employee whom Mota took hostage during his escape. Counts XXV through XXXV charged Mota with unlawful restraint. Finally, Count XXXVI charged Mota with aggravated kidnapping of the employee taken hostage.

Mota pleaded guilty to all thirty-six counts; however, the judge accepted his plea only as to Counts I through XI and Count XXIV. The court viewed all other counts as being "merged" into those accepted. Thus, Count XII, the burglary count, was merged into the eleven counts of armed robbery, as were Counts XIII through XXIII and Counts XXV through XXXV. Count XXXVI, the aggravated kidnapping count, was merged into Count XXIV, the armed violence count. The court sentenced Mota to thirteen years on Counts I through XI and thirteen years on Count XXIV, the sentences to run concurrently.

Mota's lawyer, a privately retained attorney, subsequently filed a motion to reduce sentence or, in the alternative, for a new trial. Counsel specifically told the court that the motion was not one to vacate the guilty plea. Rather, the motion simply expressed the view that the sentence was too harsh. Mota's lawyer argued that the evidence did not support ten of the armed robbery counts. He contended that the manager of the restaurant was the only person who had actually been robbed; the other employees were present, but had had nothing taken from them. Thus, counsel was concerned that the judge had relied improperly on the guilty findings as to eleven counts of armed robbery when, in his view, the evidence substantiated only one count.

The court responded that it did not find Mota's actions to constitute thirteen separate armed robberies. The judge considered it to be only one armed robbery, "one taking of one quantity of money." (Transcript at 104.) The court further stated that "whether it is one or thirteen complainants all persons present, that in no way affected the Defendant's sentence.... I am in no way regarding this as any more than one armed robbery." (Transcript at 104–105.) The court did note that it found the armed violence directed toward the hostage to be a separate act, even though the sentence for that offense was to run con-

currently. Finding the sentences to be otherwise fair and correct, the court denied Mota's motion.

Mota then appealed to the Illinois Appellate Court.* That court held that Mota could properly be convicted and sentenced on only one count of armed robbery, as only one sum of money had been taken from the restaurant manager. Accordingly, the court affirmed the conviction and sentence for the armed robbery of the manager, and vacated the ten other armed robbery convictions. The court also reversed the judgment for armed violence based on unlawful restraint (Count XXIV), relying on precedent set by the Illinois Supreme Court in *People v. Wisslead,* 94 Ill.2d 190, 68 Ill.Dec. 606, 446 N.E.2d 512 (1983) (affirming the finding of the circuit court that allowing the crime of armed violence to be predicated on the offense of unlawful restraint is unconstitutional).

### Discussion

It is clear that the sentencing process, as well as the trial itself, must satisfy the requirements of the Due Process Clause. *Gardner v. Florida,* 430 U.S. 349, 358, 97 S.Ct. 1197, 1204, 51 L.Ed.2d 393 (1977). In *United States v. Tucker,* 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), the respondent was found guilty of armed bank robbery and, after an inquiry into his background by the district judge which revealed three previous felony convictions, sentenced to twenty-five years in prison. It was subsequently determined that two of the respondent's previous convictions were constitutionally invalid.

The respondent filed a motion, claiming that the introduction of evidence of his prior invalid convictions had fatally tainted the jury's guilty verdict. The district court found that error had in fact occurred, but held it was harmless error in light of the other overwhelming evidence of the respondent's guilt. On appeal, the Ninth Circuit affirmed the guilty verdict, but concluded that the defective prior convictions might have led the trial court to impose a heavier sentence than it otherwise would have, and, accordingly, remanded the case to the district court for resentencing without consideration of any prior invalid convictions.

The Supreme Court affirmed, holding that the court of appeals was correct in remanding the case for resentencing, "[f]or if the trial judge in 1953 had been aware of the constitutional infirmity of two of the previous convictions, the factual circumstances of the respondent's background would have appeared in a dramatically different light at the sentencing proceeding." *Id.* at 448, 92 S.Ct. at 592. *See also United States v. Cardi,* 519 F.2d 309, 311–12 (7th Cir.1975); *Tyler v. Swenson,* 527 F.2d 876, 877 (8th Cir.), *cert. denied,* 425 U.S. 979, 96 S.Ct. 2185, 48 L.Ed.2d 805 (1976); *United States v. Walters,* 526 F.2d 359, 361 (3d Cir.1975); *Garrett v. Swenson,* 459 F.2d 464, 466 (8th Cir.1972).

The Court in *Tucker* acknowledged the trial judge's wide discretion in determining what sentence to impose, and also acknowledged that a sentence imposed by a trial judge, if within statutory limits, is generally not subject to review. The Court, however, rejected the petitioner's arguments that these considerations disposed of the respondent's request, concluding that such general propositions could not decide the case because the Court was dealing "not with a sentence imposed in the informed discretion of a trial judge, but with a sentence founded at least in part upon misinformation of constitutional magnitude." 404 U.S. at 447, 92 S.Ct. at 591. In light of this reasoning, we reject Respondent's similar arguments in this case.

---

\* Mota argued on appeal that he was denied the effective assistance of counsel because his attorney failed to file a motion to vacate his guilty plea before appealing, as required by Supreme Court Rule 604(d), and asked that the court modify the judgment entered and remand the case for resentencing. The State argued that by failing to comply with the Rule 604(d) requirement, Mota had waived his right to appeal the judgments entered on the guilty plea. The court held that Mota had, in fact, been denied effective assistance of counsel, and therefore proceeded to consider the merits, despite the procedural flaw.

The Supreme Court's analysis in *Tucker* was extended by Judge Friendly in *McGee v. United States*, 462 F.2d 243 (2d Cir. 1972), to cases in which a conviction on one or more counts of a multi-count indictment is subsequently found to be invalid. The defendant in *McGee* was convicted on four counts which were prosecuted in one trial and upon which identical concurrent sentences were imposed. Later, however, it was determined that the conviction under one of those counts was unlawful. Relying on *Tucker*, the court noted that:

> [t]he trial judge's original sentencing determination with respect to counts 2 through 4 could have been influenced by appellant's conviction under count 1— just as evidence of a prior conviction might influence a sentencing judge on a subsequent one. If such were in fact the case, appellant's initial sentences under counts 2 through 4 would require reconsideration.

*Id.* at 245. The court further stated that "[w]hen the invalidity of the conviction on one count which *may* have influenced the sentence becomes apparent on an appeal, whether on direct or collateral attack, the proper course is usually to vacate the sentences and remand for resentencing on the valid counts without consideration of the invalid one." *Id.* at 246 (emphasis added). Because the court could not determine whether the trial judge was influenced by the invalid conviction in setting sentence, the case was remanded. The court took this action even though, pursuant to a Rule 35 motion, the trial judge had already had an opportunity to reconsider the sentences on the remaining counts after being made aware of the invalidity of one of the counts. The Second Circuit determined that some explanation was needed for allowing the original sentences on the valid counts to stand unaltered. *Id.* at 246–247.

In view of this case law, a remand of Mota's case is appropriate if there is a possibility that the trial judge might have been led to impose a heavier sentence than he otherwise would have because he considered convictions that were later determined to be invalid. We conclude that the trial judge may well have been so influenced. With respect to the armed robbery counts, the record is ambiguous. The trial judge indicated that he was imposing only one sentence and considered this to be only one armed robbery, yet he allowed Mota's guilty plea on eleven separate counts to stand and did not "merge" these counts as he did with many of the other counts. Rather, the judge stated that he felt the evidence supported a finding of guilty on all eleven counts, though he would not sentence Mota eleven separate times. (Transcript at 29–30.) It thus appears plausible to us that the court relied, at least in part, on the fact that there were eleven convictions for armed robbery.

Even if we were to find otherwise on the question of the armed robbery convictions, we would still grant Mota a rehearing because it is clear that the court was influenced by the conviction for armed violence subsequently declared unconstitutional by the Illinois Appellate Court. The judge considered the hostage-taking to be an extremely serious offense. For example, at the original sentencing, the judge indicated:

> not only are the people that he [Mota] confronts in danger, but additional danger is given when he takes at gunpoint Ray Marschke off as a hostage and drives away. There is obvious great serious harm threatened. And not only in the taking of a hostage, but in the driving away at a speed such as to endanger the lives of not only the captive passenger, but of other members of the public. It's fortunate notoby [sic] got killed.
>
> Mr. Hynes, I don't really see wanton cruelty or exceptional brutality here, but I do see a couple of separate offenses that both are very serious. First of all, the armed robbery, whether it's of one or two victims, or 11 on the scene, coupled with the taking of an innocent hostage. Both the crimes—the original crime of the armed robbery, and the following crime of the hostage taking which is reflected in the armed violence, predicated on the unlawful restraint of Mr. Marschke are serious offenses; and I

must also consider the factor in view of the nature of the crime, as well as reformation and the factors in aggravation and mitigation.

(Transcript at 94–95.) At the hearing on the motion to reduce sentence, the judge reiterated his concern over Mota's acts of armed violence:

Then, the Defendant takes a hostage while armed with a loaded gun or still loaded and thereby endangering the life and safety of the hostage in the car, drives off at a high speed not only endangering the hostage further, but endangering the general public in a high speed chase and only by the grace of God nobody was killed by the Defendant's driving either.

(Transcript at 106.) The armed violence charge is a Class X felony, carrying a sentence of six to thirty years. Mota is entitled to a new sentencing hearing. At that hearing the court may consider all the facts in aggravation of the armed robbery conviction, including the taking of a hostage. The court may not, however, consider a *conviction* for the taking of that hostage as an aggravating circumstance.

In sum, Mota was indicted on thirty-six counts; he was sentenced on twelve; and stands now, after his appeal, convicted on only one. The court was clearly influenced in setting sentence by his conviction on Count XXIV, which was unconstitutionally obtained, and was perhaps also influenced by the fact that Mota stood convicted of eleven counts of armed robbery, when only one conviction on one count was valid. Accordingly, the case is remanded to the circuit court for a new sentencing hearing. This court is in no way ordering a reduction of Mota's sentence. This order requires only that the court review the sentence without considering the invalid convictions and provide an explanation of its conclusions.

### Conclusion

For all the foregoing reasons, Mota's motion for summary judgment is granted.

Respondent's cross-motion for summary judgment is denied.