THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERT DAIL, Defendant-Appellant.

Third District   No. 3—87—0461

Opinion filed June 29, 1988.

Frank W. Ralph, of State Appellate Defender's Office, of Ottawa, for appellant.

Edward F. Masters, State's Attorney, of Joliet (Gary F. Gnidovec, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HEIPLE delivered the opinion of the court:

After a jury trial in the circuit court of Will County, Robert Dail was convicted of possession of a stolen motor vehicle, a Class 2 felony. (Ill. Rev. Stat. 1985, ch. 95½, par. 4—103(a)(1).) The trial court sentenced the defendant to a seven-year term of imprisonment. The defendant appeals on grounds that the penalty provision of the statute under which he was convicted is unconstitutional, that the prosecution's evidence was insufficient to prove his guilt beyond a reasonable doubt, and that he is entitled to an additional 79 days of credit

against his sentence. We reverse.

In view of our disposition of this appeal, a complete recitation of the facts of the case is unnecessary. Suffice it to say that this was the defendant's first conviction for possession of a stolen vehicle and that the evidence presented at trial did not indicate that the defendant was involved in organized vehicle theft.

The defendant argues that his conviction must be reversed because the penalty provision of the statute under which he was convicted (Ill. Rev. Stat. 1985, ch. 95½, par. 4—103(b)) violates the assurances of due process and proportionate penalties embodied in the Illinois Constitution (Ill. Const. 1970, art. 1, §§2, 11) and is therefore unconstitutional.

■ Initially, we must address the State's contention that the defendant waived consideration of this issue. The defendant did not challenge the constitutionality of the statute in the trial court. It is a fundamental rule of law that the failure to raise the issue of a statute's constitutionality in the trial court usually waives appellate review of the issue. (*E.g., People v. Amerman* (1971), 50 Ill. 2d 196, 197.) However, when a substantial question of constitutionality is raised which, if sustained, would void the statute under which the defendant was charged and convicted, a reviewing court will decline to apply the waiver rule. (*People v. Treece* (1987), 159 Ill. App. 3d 397, 415.) Accordingly, we reject the State's argument that the constitutionality issue has been waived.

■ While it is clearly the province of the legislature, under the State's police power, to decide whether an evil exists and the means appropriate to prevent it, we may interfere with its determinations when there is a clear constitutional violation. Our supreme court has held that the policies underlying the due process and proportionate penalty clauses of the Illinois Constitution are violated if the penalty prescribed for an offense is not as great or greater than the penalty prescribed for a less serious offense. (*People v. Wisslead* (1983), 94 Ill. 2d 190, 196.) Furthermore, the Illinois Supreme Court has often stated that the standard to determine the proper exercise of the police power is whether the statute is reasonably designed to remedy the evils which the legislature has found to be a threat to the public's health, safety, and welfare. (*People v. Bradley* (1980), 79 Ill. 2d 410, 417.) With these principles in mind, we turn to the defendant's argument.

In support of his assertion that the penalty provision for possession of a stolen vehicle is unconstitutional, the defendant argues both that it punishes the lesser included offense of possession more se-

verely than the greater offense of theft, and that the penalty provision is not reasonably designed to remedy the evils which the legislature has determined to be a threat to the public. We agree with the defendant.

■ In Illinois, possession of a stolen motor vehicle is a lesser included offense of theft of motor vehicle. (*People v. Cramer* (1980), 81 Ill. App. 3d 525, *rev'd on other grounds* (1981), 85 Ill. 2d 92.) To prove the offense of theft, the additional elements of intent to permanently deprive the owner of the property and the value of the property must be proven. (*Cramer*, 81 Ill. App. 3d 525.) Theft of a motor vehicle is punishable as theft, a Class 3 felony if the value of the vehicle exceeds $300. (Ill. Rev. Stat. 1985, ch. 38, par. 16—1(e)(3).) The lesser included offense of possession, however, is punishable as a Class 2 felony. This sentencing scheme violates the constitutional assurances of proportionate penalties and due process since the penalty for theft of a motor vehicle is less than that for possession of a stolen motor vehicle even though additional elements are required to prove the greater offense of theft. *People v. Wisslead* (1983), 94 Ill. 2d 190.

■ The defendant argues that the penalty provision for possession of a stolen vehicle is unconstitutional for the additional reason that it is not reasonably designed to remedy the evils the legislature identified and sought to eliminate. We note initially that the defendant and the State agree that the legislature amended certain provisions of the Illinois Vehicle Code, including section 4—103, in order to eliminate organized vehicle theft and "chop shop" operations. For the two-year period prior to the enactment of the most recent amendments, which became effective January 1, 1985, a first-time conviction for possession of a stolen vehicle was a Class 3 felony, while subsequent convictions were Class 2 felonies. (Ill. Rev. Stat. 1983, ch. 95½, par. 4—103.) Theft of property over $300 in value was a Class 3 felony. (Ill. Rev. Stat. 1983, ch. 38, par. 16—1(e)(3).) The 1985 amendment to section 4—103(b) made all convictions, including first-time convictions, for possession of a stolen vehicle Class 2 felonies. The issue becomes whether this amendment is reasonably designed to eliminate the evils of organized vehicle theft and "chop shops."

The First District in *People v. Bryant* (1988), 165 Ill. App. 3d 996, recently examined this issue and we find its analysis enlightening. The *Bryant* court first discussed a case in which the supreme court was presented with a similar challenge to the Illinois Controlled Substances Act (Ill. Rev. Stat. 1977, ch. 56½, par. 1100 *et*

*seq.*) and determined it violated due process. (*People v. Bradley* (1980), 79 Ill. 2d 410.) The supreme court determined from examining the expressed purposes and objectives of the Controlled Substances Act that the legislature intended to subject individuals who trafficked in and delivered drugs to more severe sentences than those who merely possessed them. The court then held that because the statute imposed a greater penalty on possession than on delivery of certain controlled substances, the penalty for possession contravened the express intention of the legislature and was not reasonably designed to remedy the evil the legislature determined to be the greater threat.

Guided by the supreme court's opinion in *Bradley,* the First District in *Bryant* initially noted that the intent behind the amendments to the Illinois Vehicle Code was to remedy the evils of organized vehicle theft and "chop shops" because these activities were deemed greater threats to the public than simple possession of a stolen motor vehicle. However, because the amendment to section 4—103(b) imposes a more severe penalty on those convicted of possession than it does on those convicted of theft of a motor vehicle under the general theft statute, the court concluded that the legislative scheme of increasing the penalty imposed on all defendants, including first-time offenders, convicted of possession of a stolen vehicle is not reasonably designed to attack the evils of "chop shops" and organized vehicle theft identified by the legislature. (*Bryant,* 165 Ill. App. 3d at 1000.) The court held that the amendment to section 4—103(b) was therefore violative of the due process clause of the Illinois Constitution. We agree with the reasoning and the result reached by the *Bryant* court. While consideration of the problems associated with organized vehicle theft and "chop shops" and possible remedies were within the legislature's province, we are compelled to intervene because the legislative scheme, which subjects defendants not engaged in those activities to a harsher penalty than those who are so engaged, is not reasonably designed to remedy the identified evils.

As we find the first issue dispositive of the appeal, we need not consider the defendant's remaining allegations of error.

In summary, because section 4—103(b) of the Vehicle Code punishes the lesser included offense of possession of a stolen vehicle more severely than section 16—1(e)(3) of the Criminal Code of 1961 punishes the greater offense of theft, and because the imposition of a more severe penalty for even first-time convictions for possession of a stolen vehicle is not reasonably designed to remedy the evils associated with organized vehicle theft which the legislature sought

to eliminate, the statutory provision is unconstitutional. Based on the foregoing, the judgment of conviction entered by the circuit court of Will County is reversed.

Reversed.

BARRY and SCOTT, JJ., concur.