(No. 67028.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. BILLY WADE, JR., Appellee.

*Opinion filed October 25, 1989.*

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Terence M. Madsen and Jack Donatelli, Assistant Attorneys General, of Chicago, of counsel), for the People.

G. Joseph Weller, Deputy Defender, and Thomas A. Lilien, Assistant Defender, of the Office of the State Appellate Defender, of Elgin, for appellee.

JUSTICE MILLER delivered the opinion of the court:

Following a jury trial in the circuit court of Peoria County, the defendant, Billy Wade, Jr., was found guilty of one count each of armed violence, predicated on the felony of intimidation, and attempted armed robbery. The trial judge entered judgment on the more serious charge, armed violence, and sentenced the defendant to

a term of seven years' imprisonment for that offense. The appellate court reversed the defendant's conviction and vacated the sentence, holding that intimidation could not, in the circumstances of the present case, serve as the predicate felony for the offense of armed violence. The appellate court rejected the defendant's other allegations of error and remanded the cause to the circuit court for entry of judgment and imposition of sentence on the remaining offense, attempted armed robbery. (167 Ill. App. 3d 921.) The State filed a petition for leave to appeal pursuant to Supreme Court Rule 315(a) (107 Ill. 2d R. 315(a)), which we allowed.

The offenses in the present case stem from an attempt by the defendant and a codefendant, Scottie Brown, to rob the cashier of a Peoria store. Pursuant to a plea agreement, Brown later pleaded guilty to a reduced charge of attempted robbery and received a sentence of 3½ years' imprisonment; efforts to negotiate an agreement in the defendant's case proved unsuccessful. In brief, the evidence adduced at the defendant's trial established that the defendant entered the Western Meat Market in Peoria around 6:30 p.m. on January 13, 1987. Codefendant Brown was already inside the store, ostensibly to make a purchase. Wearing a nylon stocking over his face, the defendant approached the cashier and said, "Put the money in the bag." The defendant was stuttering and appeared nervous, and the cashier said, "What?" The defendant repeated his demand; as the defendant spoke, he withdrew a gun from inside his jacket, and he threw a cloth bag onto the counter. The cashier told the defendant to leave, and he then fled from the store. The police were notified, and they arrested the defendant about an hour later. In a lineup conducted the same evening, the cashier identified the defendant as the gunman.

Codefendant Scottie Brown testified in the State's behalf as part of his plea agreement. Brown recounted the planning he and the defendant made in advance of the robbery attempt. According to Brown, they plotted an escape route to use following the robbery, and the defendant left a change of clothing at a nearby church to facilitate his escape. On the day of the robbery the defendant obtained a pistol from an acquaintance, and he and Brown then proceeded to the market. Brown's testimony regarding the sequence of events in the store corroborated that of the cashier.

At trial the State also presented the testimony of four Peoria police officers, who described the investigation following the offenses, the recovery of evidence linking the defendant to the crimes, and the arrests of Brown and the defendant.

Defense counsel raised voluntary intoxication as an affirmative defense to the charges (see Ill. Rev. Stat. 1985, ch. 38, pars. 6—3, 6—4), though counsel did not concede that the defendant was present during the commission of the offenses. The defendant testified at trial, and he asserted that he was asked to participate in a plan to rob the Western Meat Market but that he refused to do so. The defendant said that on the evening of the robbery attempt he drank a substantial amount of alcohol and ingested various narcotics and then went home and blacked out. His next memory of that day was of being awakened in a police holding cell to take part in a lineup. The defendant testified that he had no recollection of participating in the attempted robbery of the market.

To rebut the defendant's claim of intoxication, the State presented the testimony of the arresting officer, who said that the defendant did not smell of alcohol, appear intoxicated, or otherwise act inappropriately at the time of his arrest. Similar testimony was provided by the

police officer who conducted the lineup the evening of the defendant's arrest.

Following deliberations, the jury found the defendant guilty of both armed violence and attempted armed robbery. The trial judge entered judgment on the armed violence count alone and subsequently sentenced the defendant to seven years' imprisonment for that offense.

The appellate court reversed the defendant's conviction for armed violence, agreeing with the defendant that intimidation could not serve in his case as the predicate felony for that offense. (167 Ill. App. 3d 921.) The appellate court believed that, in the present circumstances, the Class 3 felonies of attempted robbery and intimidation were established by the same evidence. The appellate court noted, however, that the defendant's possession of a handgun during his commission of the crimes allowed the offense of attempted robbery to be enhanced to the Class 1 felony of attempted armed robbery and the offense of intimidation to be enhanced to the Class X felony of armed violence. Relying on *People v. Wisslead* (1983), 94 Ill. 2d 190, the appellate court concluded that the existence of different penalties for offenses based on the same conduct resulted in an unconstitutionally disproportionate sentencing scheme. The appellate court rejected the defendant's two remaining allegations of error, and the court therefore remanded the cause for entry of judgment and imposition of sentence on the charge of attempted armed robbery, of which the jury had also found the defendant guilty.

The primary issue presented for our review is whether intimidation may serve in the present case as the predicate felony for the offense of armed violence. The State argues, as an initial matter, that the defendant has failed to preserve the issue for review. The defendant acknowledges that the issue was not raised during trial or in his post-trial motion. The defendant in-

sists, however, that he may challenge at any time the constitutionality of the statute under which he was convicted and that his failure to present the issue in the circuit court is, therefore, no impediment to review.

It is a well-established principle that issues not raised at the trial court level may not be raised for the first time on review. (*People v. Enoch* (1988), 122 Ill. 2d 176, 186-87; *People v. Precup* (1978), 73 Ill. 2d 7, 15-17.) Both an objection at trial and a written post-trial motion raising the issue are necessary to preserve an alleged error. (*Enoch*, 122 Ill. 2d at 186.) There is no dispute in the present case that defense counsel made no challenge, either at trial or in the post-trial motion, to the application of the armed violence statute.

The waiver rule is not without exception, however. Supreme Court Rule 615(a) provides that, on review, "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the trial court." (107 Ill. 2d R. 615(a).) The defendant asserts that the issue before us, whether the armed violence statute may be applied in the present case, is cognizable as plain error under Rule 615(a). This court has previously stated that a constitutional challenge to the statute on which a criminal conviction is based may be raised at any time. (*People v. Bryant* (1989), 128 Ill. 2d 448, 453-54; *People v. Zeisler* (1988), 125 Ill. 2d 42, 46; *People v. Sarelli* (1973), 55 Ill. 2d 169, 170-71.) Other cases, however, have suggested that a defendant's failure to raise a constitutional challenge to a statute may be deemed waived if the issue was not presented in the circuit court. (*People v. Myers* (1981), 85 Ill. 2d 281, 290-91; see *People v. Fernetti* (1984), 104 Ill. 2d 19, 21-23 (holding that defendants' challenges to armed violence statute, though not raised in either circuit court or appellate court, were not waived because argument was based on intervening decision of supreme

court).) Before invoking the plain error exception, it is appropriate to determine whether error occurred at all. (See *People v. Young* (1989), 128 Ill. 2d 1, 54; *Precup,* 73 Ill. 2d at 17.) Because we conclude that no error occurred in the present case, we need not determine whether such a challenge may ever be deemed waived.

Intimidation and attempted robbery are both Class 3 felonies. (Ill. Rev. Stat. 1985, ch. 38, par. 12—6(b) (intimidation); pars. 8—4(c)(4), 18—1(b) (attempted robbery).) Attempted armed robbery is a Class 1 felony. (Ill. Rev. Stat. 1985, ch. 38, pars. 8—4(c)(2), 18—2(b).) Section 33A—2 of the Criminal Code of 1961 provides, "A person commits armed violence when, while armed with a dangerous weapon, he commits any felony defined by Illinois Law." (Ill. Rev. Stat. 1985, ch. 38, par. 33A—2.) Dangerous weapons are grouped into two categories (see Ill. Rev. Stat. 1985, ch. 38, par. 33A—1), and commission of the offense of armed violence while armed with a category I weapon, including any firearm, is a Class X felony (Ill. Rev. Stat. 1985, ch. 38, par. 33A—3(a)). Thus, commission of intimidation while armed with a handgun constitutes the offense of armed violence and is a Class X felony; commission of attempted robbery while similarly armed constitutes the offense of attempted armed robbery, a Class 1 felony.

Relying on *People v. Wisslead* (1983), 94 Ill. 2d 190, the defendant argues that the availability of different punishments for what in the present case are separate offenses based on the same acts results in an unconstitutionally disproportionate sentencing scheme, in violation of the due process and proportionate penalty clauses of the Illinois Constitution (Ill. Const. 1970, art. I, §§2, 11). To be sure, the defendant does not contend that intimidation may never serve as the predicate felony for armed violence. Rather, he argues that the offenses of armed violence and attempted armed robbery, as

charged and proved at trial, were based on the same conduct.

To underscore the close relationship between the two charges, the defendant further contends that intimidation, the predicate felony for the armed violence charge, would qualify as an included offense of attempted armed robbery under the standards this court has applied in determining whether an accused on trial for one offense may be entitled to have the jury instructed on a less serious charge as well. (See *People v. Bryant* (1986), 113 Ill. 2d 497; *People v. Dace* (1984), 104 Ill. 2d 96; *cf. People v. Smith* (1980), 78 Ill. 2d 298 (upholding separate convictions for intimidation and robbery because former is not included offense of latter).) Noting that *People v. Del Percio* (1985), 105 Ill. 2d 372, forbids the use of attempted armed robbery as the predicate felony for the offense of armed violence, the defendant contends that a similar result should obtain here with respect to intimidation, because it may be considered, in the present case, an included offense of attempted armed robbery. A contrary holding, the defendant contends, would produce a disproportionate sentencing enhancement such as that condemned in *Wisslead*.

In *People v. Wisslead* (1983), 94 Ill. 2d 190, the defendant was charged with unlawful restraint, a felony, and with armed violence predicated on unlawful restraint. The trial judge ruled that armed violence could not constitutionally be based on unlawful restraint and accordingly granted the defendant's motion for dismissal of the armed violence charge. The State appealed, and this court affirmed the trial judge's ruling. The court considered the different penalties available for the related offenses of unlawful restraint, kidnapping, and forcible detention. The court noted that while possession of a firearm during the commission of unlawful restraint would transform the crime into the Class X felony of

armed violence, possession of the same firearm during the commission of kidnapping would constitute only the Class 1 felony of aggravated kidnapping (Ill. Rev. Stat. 1979, ch. 38, par. 10—2(b)(2)). The court stated, "Since each offense is enhanced by the identical additional element, a gun, the lesser offense of unlawful restraint should not thereby become a graver offense than kidnaping. However, incongruously it does where aggravated kidnaping is charged." (*Wisslead*, 94 Ill. 2d at 195.) A similar anomaly existed with respect to the offense of forcible detention. Unlawful restraint is, by definition, an included offense of forcible detention, but commission of the latter while armed with a dangerous weapon, including a firearm, is only a Class 2 felony (Ill. Rev. Stat. 1979, ch. 38, par. 10—4(b)). Noting that the policy underlying the due process and proportionate penalty guarantees of the Illinois Constitution "would be violated if the penalty prescribed for an offense is not as great or greater than the penalty prescribed for a less serious offense" (*Wisslead*, 94 Ill. 2d at 96), the court concluded that the penalty prescribed for armed violence predicated on unlawful restraint was unconstitutionally disproportionate in comparison with those prescribed for aggravated kidnapping and forcible detention.

The defendant argues, and the appellate court agreed, that *Wisslead*'s rationale applies with equal force here, and that intimidation may not serve in the present case as the predicate felony for the charge of armed violence.

The defendant's reliance on *Wisslead* is misplaced, for the disproportionality apparent in *Wisslead* does not exist here. The sentencing scheme examined in *Wisslead* was unconstitutionally disproportionate because it punished the less serious offense of unlawful restraint more severely than the more serious offense of kidnapping when the identical enhancing element—a handgun—was

added to each. A similar problem was apparent when forcible detention was compared with its included offense of unlawful restraint. It may be noted that in both the aggravated kidnapping and forcible detention statutes at issue in *Wisslead*, the legislature, in providing for the enhanced offenses, had expressly adopted the definition of "dangerous weapon" contained in the armed violence provisions. (Ill. Rev. Stat. 1979, ch. 38, pars. 10—2(a)(5), 10—4(a)(1).) No provision was made, however, for the commission of unlawful restraint while similarly armed. In the present case, the unenhanced offenses of attempted robbery and intimidation are both Class 3 felonies. It is certainly true that possession of a firearm during their commission will result in the Class 1 felony of attempted armed robbery and the Class X felony of armed violence. But in contrast to *Wisslead*, it cannot be said that intimidation is a less serious offense than attempted robbery, or that the commission of intimidation while armed is a less serious offense than attempted armed robbery. Moreover, there is no indication here, as there was in the statutes considered in *Wisslead*, that the legislature intended to enhance certain offenses but not others.

The defendant's argument is therefore reducible to the claim that identically classified offenses may not be enhanced by the same circumstance to offenses of different classifications. But the availability of different punishments for separate offenses based on the commission of the same acts does not offend the constitutional guarantees of equal protection or due process. (*United States v. Batchelder* (1979), 442 U.S. 114, 60 L. Ed. 2d 755, 99 S. Ct. 2198; *People v. McCollough* (1974), 57 Ill. 2d 440.) The legislature has broad power to create offenses and prescribe penalties. (*People v. Upton* (1986), 114 Ill. 2d 362, 373.) Statutes enjoy a presumption of constitutionality, and the party challenging a statute has the burden of

establishing its invalidity. (*People v. Bales* (1985), 108 Ill. 2d 182, 188.) The defendant has not satisfied that burden here, and therefore we decline to interfere with the sentencing classifications made by the legislature with respect to the offenses at issue here.

For the reasons stated, the judgment of the appellate court is reversed, and the judgment of the circuit court of Peoria County is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*