(No. 84909.—■■■■■■■■■■)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. DAVID L. EVERY, Appellee.

*Opinion filed November 19, 1998.*

James E. Ryan, Attorney General, of Springfield, and Charles W. Roddick, State's Attorney, of Galena (Barbara A. Preiner, Solicitor General, and William L. Browers and Stephen F. Potts, Assistant Attorneys General, of Chicago, of counsel), for the People.

Kevin J. Ward, of Cox & Ward, of Galena, for appellee.

JUSTICE MILLER delivered the opinion of the court:

The State brings this appeal, pursuant to Supreme Court Rule 603 (134 Ill. 2d R. 603), from a decision by the circuit court of Jo Daviess County declaring uncon-

stitutional a provision in section 11—501.1(a) of the Illinois Vehicle Code (625 ILCS 5/11—501.1(a) (West 1996)).

The facts of this case are not in dispute and require only brief recitation here. The defendant, David L. Every, was involved in a one-car accident on Council Hill Road in Jo Daviess County on May 28, 1997. Deputy Kieffer of the Jo Daviess County sheriff's office arrived on the scene and found the defendant there. The defendant had a strong odor of alcohol on his breath, his eyes were glassy, and his balance was unsteady. The defendant failed a field sobriety test, and a field breathalyzer test revealed a blood-alcohol concentration of 0.174. The defendant was transported by ambulance to Finley Hospital in Dubuque, Iowa. At the hospital, Deputy Kieffer issued the defendant a citation for a violation of section 11—501(a)(2) of the Illinois Vehicle Code (625 ILCS 5/11—501(a)(2) (West 1996)), read to the defendant the warning statement required by statute, and obtained the defendant's consent to have a blood sample taken. The sample, when it was tested, revealed a blood-alcohol concentration of 0.177.

The defendant was charged with driving while intoxicated, and a statutory summary suspension of his driving privileges in Illinois was entered. The defendant, who is a Wisconsin resident, moved to suppress the evidence taken from him at the Iowa hospital and to rescind the statutory summary suspension. The defendant challenged the constitutionality of the provision in the implied consent statute, section 11—501.1(a) of the Illinois Vehicle Code, that authorizes law enforcement officers to obtain blood samples in other states for incidents occurring in Illinois. In the motion, the defendant contended that Deputy Kieffer had no authority to obtain a blood sample from him while they were in Iowa. Following a hearing, the trial judge ruled in the defendant's

favor. The judge concluded that the provision in section 11—501.1(a) authorizing the deputy to obtain a blood sample from the defendant in Iowa "was violative of fundamental principles of sovereign and legislative jurisdiction, and due process." The judge believed that the statute could not validly grant law officers the authority to collect evidence outside their home state. The judge also believed that the defendant had not validly consented to the collection of blood in this case. The trial judge accordingly suppressed the evidence of the defendant's blood-alcohol level that was based on the sample taken in the Iowa hospital. In addition, the judge rescinded the statutory summary suspension of the defendant's driving privileges in Illinois. The prosecutor filed a certificate of impairment from the trial judge's ruling. 145 Ill. 2d R. 604(a)(1). Because the trial judge found the provision in question unconstitutional, the State's appeal lies directly to this court. 134 Ill. 2d R. 603.

The challenged portion of section 11—501.1(a) of the Illinois Vehicle Code provides:

"For purposes of this Section, an Illinois law enforcement officer of this State who is investigating the person for any offense defined in Section 11—501 may travel into an adjoining state, where the person has been transported for medical care, to complete an investigation and to request that the person submit to the test or tests set forth in this Section. The requirements of this Section that the person be arrested are inapplicable, but the officer shall issue the person a Uniform Traffic Ticket for an offense as defined in Section 11—501 or a similar provision of a local ordinance prior to requesting that the person submit to the test or tests. The issuance of the Uniform Traffic Ticket shall not constitute an arrest, but shall be for the purpose of notifying the person that he or she is subject to the provisions of this Section and of the officer's belief of the existence of probable cause to arrest. Upon returning to this State, the officer shall file the Uniform Traffic Ticket with the Circuit Clerk of the county where the offense was com-

mitted, and shall seek the issuance of an arrest warrant or a summons for the person." 625 ILCS 5/11—501.1(a) (West 1996).

Statutes enjoy a presumption of constitutionality, and a defendant challenging a statute has the burden of establishing that the provision is unconstitutional. *Fink v. Ryan*, 174 Ill. 2d 302, 308 (1996); *People v. Adams*, 149 Ill. 2d 331, 338 (1992); *People v. Wade*, 131 Ill. 2d 370, 379-80 (1989).

In support of the trial judge's ruling in this case, the defendant contends that Illinois cannot enforce its laws in other states. The defendant argues that a statute has no extraterritorial force and operates only on persons or things within the jurisdiction. *Wimmer v. Koenigseder*, 108 Ill. 2d 435, 440-41 (1985). In declaring the challenged provision in section 11—501.1(a) unconstitutional, the trial judge concluded that the legislature did not have the power to give an Illinois law enforcement officer authority beyond the borders of the state, and the defendant correctly observes that a police officer outside his jurisdiction has no more authority than a private citizen. *People v. Fenton*, 125 Ill. 2d 343, 346 (1988) ("[U]pon leaving Illinois, the Illinois officer had only the status of a private citizen"). The defendant argues that Deputy Kieffer could not, as a private citizen, have traveled to Iowa with the traffic citation and warning to compel the defendant's submission to the test, for those are powers of office unavailable to a private citizen. The defendant concludes that Deputy Kieffer, acting as a private citizen in Iowa, had no authority to attempt to enforce Illinois law in the other jurisdiction.

In the present case, the alleged violation of the drunk driving statute occurred in Illinois. The question before us concerns the validity of the provision in the implied consent statute that authorized the deputy to travel to Iowa to obtain the defendant's blood sample in that state. Under the defendant's view, the deputy's collection of

the blood sample in Iowa was an invalid extraterritorial exercise of authority not warranted by the laws of either Illinois or Iowa.

We do not believe that Deputy Kieffer was disabled from obtaining a blood sample from the defendant in the Iowa hospital where the defendant had been taken, and, contrary to the defendant's argument, we find no violation of due process or intrusion on state sovereignty here. The officer's actions in this case do not involve an exercise of his official powers in another state, but rather depend on the defendant's implied consent to the evidence-gathering procedure set out in the Illinois Vehicle Code. An officer is not precluded from collecting evidence outside his jurisdiction, and an officer may go to another state to seek evidence. *People v. Lahr*, 147 Ill. 2d 379, 394 (1992) (Heiple, J., dissenting). The defendant contends, however, that the deputy could not attempt to enforce this aspect of the Illinois law in Iowa because the officer had no law enforcement powers while he was outside Illinois. We believe that the defendant's argument misapprehends the scope and purpose of the implied consent law.

Under the statute, drivers in Illinois impliedly consent to the chemical testing of their blood, breath, and urine; if they refuse, they may suffer the loss of driving privileges in Illinois. This court has previously found this procedure to be constitutional. *People v. Wegielnik*, 152 Ill. 2d 418 (1992); *People v. Esposito*, 121 Ill. 2d 491 (1988); *People v. Rolfingsmeyer*, 101 Ill. 2d 137 (1984). In the present case, the Illinois implied consent statute explicitly authorized Deputy Kieffer to obtain a blood sample from the defendant "in an adjoining state" for an accident occurring in Illinois. The defendant's consent to a blood test may be found in section 11—501.1, which provides:

"Any person who drives or is in actual physical control of a motor vehicle upon the public highways of this State

shall be deemed to have given consent, subject to the provisions of Section 11—501.2, to a chemical test or tests of blood, breath, or urine for the purpose of determining the content of alcohol \*\*\* in the person's blood \*\*\*." 625 ILCS 5/11—501.1(a) (West 1996).

We believe that this same provision may have effect in Iowa.

It is clear that the purpose of the measure challenged here is to permit law enforcement officers to obtain blood samples from drivers who, for medical reasons, have been taken to an adjoining state. We do not believe that the present statute is an invalid extension of the implied consent concept. The defendant should not be released from the statutory consequences of his actions merely because he was taken to an adjoining state for treatment of his injuries. The challenged provision reflects a balance struck between the injured driver's interest in obtaining prompt medical treatment and the State's interest in securing reliable evidence before it vanishes. We cannot say that the solution devised by the legislature denies the defendant due process or intrudes on the sovereignty of another state.

Case law from other states supports our decision here. Under a number of theories, other courts have upheld the taking of blood samples from drivers who have committed driving offenses in one state or jurisdiction and who have then traveled or been transported to a neighboring state or jurisdiction. See *State v. Stevens*, 224 Conn. 730, 620 A.2d 789 (1993); *Piotrowski v. Commissioner of Public Safety*, 453 N.W.2d 689 (Minn. 1990); *State v. Steinbrunn*, 54 Wash. App. 506, 774 P.2d 55 (1989); see also *State v. Locke*, 418 A.2d 843 (R.I. 1980); *In re Griffiths*, 113 Idaho 364, 744 P.2d 92 (1987). Notably, the Supreme Court of Iowa reached the same result in a factually similar case, *State v. Wagner*, 359 N.W.2d 487 (Iowa 1984), which has not been cited by the parties. The defendant in *Wagner* was injured in an automobile

accident in Iowa and was taken to a hospital in Wisconsin for treatment. An Iowa state trooper followed the driver to the out-of-state hospital and obtained there a blood sample from the defendant pursuant to Iowa's implied consent law; like the statute challenged here, the Iowa provision invoked in *Wagner* did not require that the defendant had been placed under arrest. The defendant in *Wagner* argued that the same considerations that limit an officer's authority to make an arrest in another state likewise limit an officer's authority to enforce the chemical testing procedures of the Iowa consent law in another jurisdiction. Rejecting this argument, the court explained:

> "We view the two situations as being markedly dissimilar. Placing a person under arrest in a particular state is an act which significantly affects the sovereignty of that state vis-a-vis the status of the arrested person. The foreign state has a sovereignty interest in determining the circumstances under which the liberty of persons present in that state may be restricted. In contrast, the actions of the trooper which are challenged in the present case in no way affected defendant's status in the state of Wisconsin or otherwise abridged the sovereignty of that state." *Wagner*, 359 N.W.2d at 489-90.

The court in *Wagner* believed that the trooper was simply functioning as an agent of the state in carrying out the Iowa implied consent procedure in Wisconsin, and the court did not believe that "a state agency is precluded from taking action outside of its own state to carry out its statutory mission if such action does not intrude on the sovereignty of another state." *Wagner*, 359 N.W.2d at 490. The *Wagner* court concluded that the trooper's actions in taking the blood sample from the defendant "may be properly characterized as the type of evidence gathering activities which do not depend on a grant of authority from a sovereign body." *Wagner*, 359 N.W.2d at 490.

We believe that a similar analysis is applicable here. Contrary to the defendant's view, Illinois is not seeking

to enforce its own laws in another state. Although the deputy does not have official powers beyond the state's borders, he is still an agent of the state, and we believe that he continued to possess the authority to collect evidence from the defendant, even in another state. The defendant had impliedly consented to this procedure, and we do not believe that the defendant should be relieved of the consequences of his actions in Illinois simply because he has been transported to another state for medical treatment. See *People v. Caruso*, 119 Ill. 2d 376 (1987). The defendant drove in Illinois, had an accident in this state, and was allegedly intoxicated at the time. Under the terms of the Illinois implied consent statute, the defendant, as a motorist in Illinois, agreed either to submit to chemical testing of his blood, breath, or urine or, upon his refusal to do so, to suffer the automatic suspension of his driving privileges in this state. That the option of providing a blood sample or incurring the automatic suspension was later presented to the defendant while he was in another jurisdiction receiving medical treatment for his injuries does not amount to a denial of due process or offend principles of state sovereignty. As the appellate court noted in *People v. Preston*, 205 Ill. App. 3d 35, 42 (1990), a factually similar case, "The transport of defendant across State lines [from Illinois to Iowa] was merely fortuitous and should not work to clear defendant of the charges."

Moreover, enforcement of the implied consent statute in these circumstances does not conflict with Iowa public policy, as the defendant fears it does. As we have noted, the Supreme Court of Iowa, in analogous circumstances, has upheld the taking of a blood sample from a motorist who was involved in an accident in Iowa but was receiving medical treatment in Wisconsin at the time the sample was taken. *State v. Wagner*, 359 N.W.2d 487 (Iowa 1984). Accordingly, our result in this case, enforcing the

similar provisions of the Illinois implied consent law, cannot offend the law or public policy of Iowa.

For the reasons stated, the judgment of the circuit court of Jo Daviess County is reversed and the cause is remanded to that court for further proceedings.

*Reversed and remanded.*